R. O. DENNARD, *Appellant,* v. COLON MONROE, *Appellee.*

Opinion Filed November 4, 1913.

1. In equity causes it is error to enter a decree *pro confesso* upon overruling a demurrer to the bill of complaint. The rule provides that upon overruling a demurrer, the defendant shall be required to answer the bill.

2. Under Equity Rule 51 the right of the defendant to answer the bill of complaint is not a mere formal or technical right, but it confers authority to answer the bill as provided in the rule which is a substantial and duly prescribed right that cannot be lawfully taken from a defendant except by due course of procedure.

Appealed from Circuit Court, Marion County; W. S. Bullock, Judge.

Decree reversed.

*Davis & Martin* and *Carter & McCollum,* for Appellant;

*W. M. Gober,* and *H. M. Hampton,* for Appellee.

WHITFIELD, J.—Monroe brought suit to enforce a mortgage lien upon personal property to satisfy a note for $900.00. Dennard demurred to the bill of complaint on grounds in effect that (1) it contains no equity, (2) the remedy at law is adequate, (3) there is a non-joinder of necessary parties. The court overruled the demurrer and thereupon entered a decree *pro confesso* against the defendant. There was final decree for the complainant based on the decree *pro confesso* and the defendant appealed therefrom as well as from an order denying a motion to vacate the decree *pro confesso.*

Equity Rule 51 provides that "upon the overruling of any plea or demurrer, the defendant shall be required to answer the bill, or so much thereof as is covered by the plea or demurrer, by the next succeeding rule day, or at such other period as, consistently with justice and the rights of the defendant, the same can in the judgment of the court be reasonably done; in default whereof, the bill shall be taken against him *pro confesso,* and the matter thereof proceeded in and decree accordingly."

The demurrer was not wholly irrelevant or frivolous so as to justify striking it as being frivolous or improper or violative of any rule or order of the court. It was expressly "overruled" by the court, which is the proper ruling where a demurrer is insufficient in law.

The express provision of the rule that upon overruling a demurrer to a bill of complaint in equity "the defendant shall be required to answer the bill" confers a substantial right as well as imposes a specific duty upon the defendant, and a decree *pro confesso* should not be entered until there is a default in answering under the rule or as required by a special order made in the premises. Under the rule the right of the defendant to answer the bill of complaint is not a mere formal or technical right, but it confers authority to answer the bill as provided in the rule which is a substantial and duly prescribed right that cannot be lawfully taken from a defendant except by due course of procedure.

The decree is reversed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.