L. E. SHEPPARD, et al., Appellants, v. R. B. LIVINGSTON, Appellee.

Opinion Filed March 14, 1917.

1. At the hearing upon a plea in equity and a general replication, no fact is in issue, but the truth of the matter pleaded.

2. Where at the hearing in equity upon a plea and a general replication, the plea, as pleaded, is not supported by the testimony,

it must be overruled, and the defendant ordered to answer the bill.

3.  Under Equity Rule 51 the right of the defendant to answer the bill of complaint is not a mere formal or technical right, but it confers authority to answer the bill as provided in the rule which is a substantial and duly prescribed right that cannot be lawfully taken from a defendant except by due course of procedure.

4.  A defendant has a right to answer after an issue of fact, joined on a plea, has been determined against him.

Appeal from Circuit Court for Alachua County; Jas. T. Wills, Judge.

Decree reversed.

*Evans Haile and Thos. W. Fielding,* for Appellants;

*W. S. Broome,* for Appellee.

WHITFIELD, J.—On July 30th, 1915, Livingston brought foreclosure proceedings. The defendants being non-residents of the State, there was publication of process. The defendants filed the following plea:

"And the said above named parties, defendants, show to the court that they are non-residents of the State of Florida, and are residents of the State of Michigan: That no process has been or could be issued against them in the above entitled suit in Chancery, either personally or by publication, because these said parties say that no Bill of Complaint ever has been filed in the office of the Clerk of the Circuit Court of Alachua County, Florida, against them, the said parties above named, in the above entitled cause, and these said parties have never appeared either in person or by Attorney, in or to the said above entitled cause, or suit, or action.

"All which matters and things these said parties doth aver to be true and they plead them, and pray the judgment of this Court whether there is anything further for them to do or answer in the premises."

On October 15, 1915, this plea was held to be sufficient on argument and the complainant was ordered to file a replication by the November rule day. A general replication was filed. On January 29, 1916, the examiner reported that pursuant to an order "to take and report to the court the testimony herein," made report of testimony taken. The testimony relates to the issue made by the plea and to the merits of the foreclosure suit with an agreement as to counsel fees if final decree is for complainant. On February 2, 1916, the defendants asked leave to file an answer. This was denied on February 8, 1916, and on the same day a decree was rendered in part as follows:

"This cause coming on to be heard upon the Bill of Complaint, Plea, Replication, and Master's Report, for a final hearing and final decree, and it appearing to the Court that the Bill of Complaint was delivered to the Clerk of this Court and received by him to be filed, and that an order of publication was duly made thereon, and that the Court obtained jurisdiction over the persons of the defendants; and that the defendants have failed to prove their plea; and it further appearing to the Court that the defendants have filed no answer or other pleading denying the allegations of the Bill as to the indebtedness upon the notes mentioned and the mortgage given to secure same; it is therefore ordered that the Bill be taken as confessed against the defendants; and it appearing from the testimony in said cause that the defendants are indebted to the complainants in the sum of $2,953.00 principal and interest upon the three notes filed in evidence herein, and the further sum of $350.00 as a reasonable at-

torney's fee which is hereby allowed; and the Court finding the equities in this case to be with the Complainant, and the premises considered, it is ordered, adjudged and decreed" accordingly. The defendants appealed.

At the hearing upon a plea in equity and a general replication, no fact is in issue but the truth of the matter pleaded. Farley v. Kittson, 120 U. S. 303, 7 Sup. Ct. Rep. 534.

"Where at the hearing in equity upon a plea and a general replication, the plea, as pleaded, is not supported by the testimony, it must be overruled, and the defendant ordered to answer the bill." Dalzell v. Dueber Watch Case Manuf'g. Co., 149 U. S. 315, 13 Sup. Ct. Rep. 886.

"Under Equity Rule 51 the right of the defendant to answer the bill of complaint is not a mere formal or technical right, but it confers authority to answer the bill as provided in the rule which is a substantial and duly prescribed right that cannot be lawfully taken from a defendant except by due course of procedure." Dennard v. Monroe, 66 Fla. 254, 63 South. Rep. 428.

A defendant has a right to answer after an issue of fact, joined on a plea, has been determined against him. See Equity Rule 51; Westervelt v. Library Bureau, 118 Fed. Rep. 824. The quoted rule was not applied in Kennedy v. Cresswell, 101 U. S. 641. See Westervelt v. Library Bureau, *supra.*

As there was no issue in the cause except on the plea averring want of proper service on the defendants and as no decree *pro confesso* was granted when the testimony was taken, the mere fact that testimony was taken on the merits of the cause as well as on the dilatory plea, did not authorize the court at the final hearing to grant a decree *pro confesso* and to enter final judgment, there

being no default and no issue as to the merits of the cause.

Reversed.

BROWNE, C. J., AND TAYLOR, SHACKLEFORD AND ELLIS, JJ., concur.