## UMBARGER v. GRIFFITH, et al.
### No. 11496-C.

Circuit Court, Alachua County.
July 19, 1963.

---

James E. Clayton of Clayton, Arnow, Duncan & Johnston, Gainesville, for plaintiff.

John W. Booth of Cherry & Booth, Leesburg, for defendant First National Bank of Leesburg.

JOHN A. H. MURPHREE, Circuit Judge.

*Summary final decree:* This cause came on to be heard upon plaintiff's motion to dismiss the counterclaim of the defendant, First National Bank of Leesburg, and upon the bank's motion to join an additional party to this suit. Argument of counsel for the respective parties having been heard, memorandum briefs of counsel considered, and the court being advised in the premises, finds as follows —

Plaintiff's motion to dismiss the counterclaim of the defendant, First National Bank of Leesburg, reaches the basic issue involved in this case which can be determined as a matter of law upon the face of the pleadings. There being no justiciable issue of fact to be resolved, the court should of its own motion enter a summary final decree.

On September 27, 1952, the plaintiff, H. M. Umbarger, executed and delivered a quit claim deed to his daughter, Louise Umbarger Galbreath, recorded in deed book 301, page 367, of the public records of Alachua County, purporting to convey the fee simple title subject to certain reservations and conditions therein stated, to the following described land in Alachua County —

> All of Lots 36, 37, 38, 43 and 44, in accordance with the maps and plats thereof as recorded in Alachua County, Florida, lying and being in section 19, township 9 south, range 20 east, consisting of approximately 50 acres, more or less; said properties described further as the place upon which the grantor herein lives at this time.

Immediately following the granting part and the legal description of the land and just before the habendum clause is contained the following language —

> The other consideration herein is that the grantor does convey the above described properties over and unto the grantee upon condition that so long as said grantor lives he reserves any and all right of occupancy and use that he may desire to use said properties for, including the sale thereof, reserving specifically a life estate with the right of sale and disposal, and upon his death title to said properties shall vest in the grantee upon the further condition that Alma E. Griffith and her brother, John P. Griffith, so long as they live, shall have a life estate therein if they survive the grantor herein, and upon their death title to the above described properties shall vest in the grantee herein named.

> A further condition and consideration herein being that if at the time of the death of the grantor he has not sold the above described properties, the grantee shall pay all funeral expenses, doctors bills or hospital bills incurred in the last illness of the grantor.

Considering the so-called deed in its entirety, according to the rules of construction as stated in Adkins, *Florida Real Estate*

*Law*, §16.05, and in *Florida Real Estate Transactions* by Boyer, §7.06, page 125, and the authorities therein cited, particularly, 83 So.2d 699, Fla., it is evident that the entire beneficial interest and right in the specific property remained in the grantor and could not pass at all, without his consent, until after his death, so there was no absolute conveyance of a vested right in praesenti, of the property.

The instrument, therefore, is of testamentary character and not a deed of conveyance, and the grantee thereby took nothing.

Whether the deed from Louise Umbarger Galbreath, et ux, to the plaintiff H. M. Umbarger, which was dated and recorded January 20, 1962, in official record book 171, page 419, of the public records of Alachua County, was an attempt to defraud the bank of its judgment against Louise Galbreath (same as Louise Umbarger Galbreath) becomes immaterial, because she never possessed any title or interest in said property upon which execution could be levied.

The reservation in the quit claim deed in question of a life estate in the defendants, Alma E. Griffith and John P. Griffith, could create no right or estate in them even if it were a valid deed, because they were strangers to that instrument. See *Thompson on Real Property*, Perm. Ed., vol. 6, p. 715, §3483.

Now, therefore, it is considered, ordered, declared and decreed as follows —

The fee simple title to said property is now vested in the plaintiff, H. M. Umbarger, free and clear of any right, title, claim or interest of the defendants, Alma E. Griffith and John P. Griffith.

The defendant, First National Bank of Leesburg, a national banking association organized and existing under the laws of the United States of America, be and it is hereby forever barred from attempting to sell said property under levy of execution based upon its judgment against Louise Galbreath (same as Louise Umbarger Galbreath), which was entered on September 18, 1962, in the circuit court of Lake County, Florida, and was filed for record on February 6, 1963, in circuit court minute book 173, on pages 441-442 of Alachua County, Florida.

The motion of the said bank to add a party to this suit is denied; and its counterclaim is hereby dismissed with prejudice.