BARKDULL, Judge.
The appellant, plaintiff in the trial court, seeks review of an adverse final decree which held a certain quit claim deed [under which appellant made claim to tracts of land] to be null and void. We affirm.
In the early 1950’s, a predecessor in title to certain of the appellees caused a replat to be made of certain lots in a subdivision located in Miami, Dade County, Florida. At that time § 177.08, Fla.Stat., F.S.A., provided in part as follows:
* * * * * *
“ * * * Excepted parcels must be marked ‘Not included in this plat.’ * * * But no strip or parcel of land *33 shall he reserved by the owner when recording a subdivision, unless the same is sufficient in size and area to be of some practical use or service.”
In the replat, along the north perimeter and south perimeter of the property involved, the subdivider designated a “Tract B” and “Tract C”, which was a strip of land two feet wide, one of which was approximately 900 feet long and the other approximately 700 feet long. It is apparent that these tracts were not suitable for building purposes, and the evidence indicated that they were created in the plat for the purpose of acting as a buffer zone between the property to the north and that to the south and that said parcels had been beautified and improved during the development of the subdivision.
The subdivider, by failing to indicate that Tracts B and C and the area marked “canal” were not to be included, by implication, clearly recognized that they would be included in the plat.
Thereafter, the subdivider conveyed both blocks in the -replat to the predecessors in title and, subsequent thereto, after the death of the original subdivider the appellant acquired a quit claim deed to Tracts B and C and the area marked “canal” from the executor of the estate of the subdivider and brought the instant action.
On the whole, the record clearly indicates an intention by the subdivider [as the grantor in the deed that conveyed all the blocks in the subdivision] to include therein all the tracts applicable to the blocks in question in the instant case. If the sub-divider had only conveyed one block instead of both of the blocks involved in the subdivision, then there might be some room for argument that he had intended to reserve certain of the property. However, it is apparent from this record that he intended to convey to the subdividing corporation all of the property he possessed according to the revised plat, plus the fact that Tracts B and C were a part of Block 2 of the re-plat, the same as Tract A; there being no restrictions or limitations in reference to the tracts on the replat.
Therefore, for the reasons stated .above, the final decree here under review is hereby affirmed.
Affirmed.