ROBERT P. SMITH, Jr., Judge.
The grantors of a 1969 warranty deed in the form prescribed by Section 689.02, Florida Statutes (1969), (1979), conveying a strip
of Santa Rosa County land to the State, appeal from a circuit court order dismissing with prejudice their second amended complaint and their claim against the State that the deed conveyed no rights to subsurface oil and gas. On this record we sustain the deed against appellants’ varied attack, and we therefore affirm.
Appellants first urge that the exhibited deed is ambiguous on its face concerning the extent of the estate conveyed, so permitting clarification by parol evidence. The deed in statutory form operated to convey the fee simple title in the absence of words of limitation or other expressions of a contrary intention in the instrument. Section 689.10, Florida Statutes (1969), (1979); Bronstein v. Bronstein, 83 So.2d 699 (Fla.1955). The reference in a corner of the deed to State Road S-178 and other notations showing that the acquisition was for road right of way purposes do not render the deed ambiguous on the issue of whether the estate conveyed was an easement or the fee simple title. Robb v. Atlantic Coast Line R.R. Co., 117 So.2d 534 (Fla.2d DCA 1960).
Secondly, we cannot agree with appellants that this deed may be likened to one absolute on its face but given for security, therefore as a mortgage. In such a case parol evidence is received to show connected elements of a single transaction, or to show “the object of the parties in executing and receiving” the deed as security rather than as an absolute conveyance. E, g., First Nat’l Bank v. Ashmead, 23 Fla. 379, 385, 2 So. 657, 659 (1887). Here appellants propose improperly to impeach “the language of which the instrument is the repository.” Ibid. That language expresses the estate conveyed. Section 689.10.
Finally, because the State had power to buy and appellants had power to sell (for a negotiated price) and by warranty deed to convey fee simple title to land deemed necessary for road right of way purposes, Section 337.25, we decline to impeach the parties’ 1969 transaction, now that oil has been found, upon a theory that the State could *1082 not have shown a necessity for acquisition of subsurface rights if that had appropriately been challenged in eminent domain proceedings. Article X, Section 6, Florida Constitution; Canal Authority v. Miller, 243 So.2d 131 (Fla.1970). The time for appellants to have declined voluntary relinquishment of subsurface mineral rights was when the fee simple sale was bargained and consummated, averting condemnation proceedings in which appellants might have challenged the public necessity for the taking.
Appellants’ second amended complaint contains no allegations of fraud, overreaching, or mutual mistake which may conceivably have justified reforming or can-celling the deed, which was not prayed for, and there is no contention on this appeal that appellants were improperly denied further leave to amend. The order appealed is therefore
AFFIRMED.
BOOTH and SHAW, JJ., concur.