The Honorable Charlotte R. Fitzsimmons Clerk of the Circuit Court Hendry County Post Office Box 38 LaBelle, Florida 33935-0038
Dear Ms. Fitzsimmons:
This is in response to your request for an opinion on substantially the following question:
 WILL A TAX DEED CONVEY THE SUBSURFACE RIGHTS TO A PIECE OF REAL PROPERTY WHEN THOSE RIGHTS HAVE NOT BEEN SEVERED AND THE DEED DOES NOT MENTION THAT THOSE RIGHTS ARE AMONG THE RIGHTS SPECIFICALLY CONVEYED?
In my opinion, a tax deed conveys the entire interest an owner of an interest, who is delinquent in paying taxes, has in a piece of real property, including the unsevered subsurface rights, even though the deed is silent about whether the subsurface rights are to be conveyed.
Section 197.271, F.S., governs the issuance of tax deeds. In relevant part that section provides:
 Except as specifically provided in [Ch. 197, F.S.], no right, interest, restriction, or other convenant shall survive the issuance of a tax deed, except that [certain liens of record held by a municipality or a county] shall survive the issuance of a tax deed. . . . All deeds issued pursuant to this section shall be prima facie evidence of the regularity of all proceedings from the valuation of the lands to the issuance of the deed, inclusive.
Subsurface rights in or to real property which have been sold or otherwise transferred by the owner of such property, or retained or reserved by the grantor, are taken and treated as an interest in real property and are subject to taxation separate and apart from the fee or other interest in the fee. When separated from the fee or other interest in the fee, such subsurface rights are subject to separate taxation. Section 193.481, F.S. Prior to the enactment of s 193.481, F.S., and its predecessor, s 193.221, there was no statute in Florida providing for the assessment and taxation of subsurface rights and interests in real property separate and apart from the fee or ownership of the fee or other interest in the fee. Under the rule in Florida before the enactment of s 193.481, and its predecessor, such subsurface rights and interests were not severable for tax purposes, and a tax deed conveyed all of the estates in the land and extinguished subsurface rights which were not assessed separately for tax purposes. Lee v. Carpenter, 132 So.2d 433 (2 D.C.A. Fla., 1961).
The rule laid down in Lee v. Carpenter, supra, has been changed by the enactment of s 193.481, F.S. (former s 193.221, F.S.), which provides:
 (1) Whenever the mineral, oil, gas, and other subsurface rights in or to real property in this state shall have been sold or otherwise transferred by the owner or such real property, or retained or acquired through reservation or otherwise, such subsurface rights shall be taken and treated as an interest in real property subject to taxation separate and apart from the fee or ownership of the fee or other interest in the fee. Such mineral, oil, gas, and other subsurface rights, when separated from the fee or other interest in the fee, shall be subject to separate taxation. Such taxation shall be against such subsurface interest and not against the owner or owners thereof or against separate interests or rights in or to such subsurface rights.
 (2) The property appraiser shall, upon request of the owner of real property who also owns mineral, oil, gas, or other subsurface mineral rights to the same property, separately assess the subsurface mineral right and the remainder of the real estate as separate items on the tax roll.
 (4) Statutes and regulations, not in conflict with the provisions herein, relating to the assessment and collection of ad valorem taxes on real property, shall apply to the separate assessment and taxation of such subsurface rights, insofar as they may be applied.
 (5) Tax certificates and tax liens encumbering subsurface rights, as aforesaid, may be acquired, purchased, transferred, and enforced as are tax certificates and tax liens encumbering real property generally, including the issuance of a tax deed.
The Florida Supreme Court upheld the constitutionality of this section's predecessor, former s 193.221 (Ch. 63-355, Laws of Florida) in Dickinson v. Davis, 224 So.2d 262 (Fla. 1969). In that case, the appellees sought to enjoin one of the appellants from applying for a tax deed to the mineral interests of the appellees' property, and to have separate tax assessments against those rights declared void. The court said:
 Land may be divided horizontally as well as vertically, so that one person may own the surface and another the minerals underground. Where the fee in the mineral is severed from the fee in the surface, it is subject to separate taxation. . . . In fact, separate estates or interests in subsurface rights are taxable as real property or real estate under the tax statutes of many of the states. (e.s.)
Dickinson v. Davis, supra, p. 265.
Based on s 193.481, F.S., and Dickinson v. Davis, supra, this office has previously determined that where the fee in the mineral interest is severed from the fee in the surface, a tax deed conveys only the owner's interest, whether surface, or subsurface, nothing more. In AGO 75-162, this office stated that when a tax deed is issued on the surface rights, while taxes had been paid by the subsurface owner on the severed subsurface rights, the deed conveyed only the surface interest.
 The owner of the said tax deed acquires those rights which were previously vested in the owner of the surface interest. He does not acquire any rights of the subsurface owner. . . . The effect of the separation or severance of the mineral or subsurface rights from the surface is to create a separate and distinct interest in real property which is treated as a separate parcel of real property for all tax purposes. (emphasis in original)
AGO 75-162. Cf., AGO 69-110.
If a tax deed will transfer a property owner's exact interest and no more, by the same reasoning a tax deed ordinarily should not convey a lesser interest. To be taxable separately, subsurface rights must be severed from the fee or other interest in the fee. Section 193.481(1), F.S. Until the subsurface rights are severed, they are a part of all the estates in the real property or the fee and are taxable as a single unit, or as part of the fee. In the instant case the subsurface rights or interests, if there are any, have not been severed or separately taxed before the tax sale. Therefore, any existing subsurface rights constitute a part of the fee or other interest in the fee and are assessable and taxable as an integral part of the whole interest in the fee, and a tax deed issued for such interest in the fee would necessarily include the subsurface rights, even though the deed purports to convey a fee describing only the surface and does not mention or specifically describe the subsurface rights or interests.
This conclusion is in accord with the law regarding deeds generally, which states: `Where the deed does not specify the estate conveyed, it will transfer the fee.' 26 C.J.S. Deeds s 109, p. 918. See also, 23 Am.Jur.2d Deeds s 289, p. 320: `Where no estate is expressly mentioned in the granting clause or premises, a rebuttable presumption arises that all the interest of the grantor passed by the conveyance unless a contrary intent is clearly manifest from the language of the entire instrument.'
Florida case law indicates that when there is no express reservation of an interest in the deed, it will not be assumed a reservation was intended, and the entire fee owned by the grantor will be conveyed. Saltzman v. Ahern, 306 So.2d 537 (1 D.C.A. Fla., 1975); Shekter v. Rockerman Builders, Inc., 181 So.2d 32 (3 D.C.A. Fla., 1965). Furthermore, s 689.10, F.S., concerning deeds, states:
 Where any real estate has heretofore been conveyed or granted or shall hereafter be conveyed or granted without there being used in the said deed or conveyance or grant any words of limitation, such as heirs or successors, or similar words, such conveyance or grant, whether heretofore made or hereafter made, shall be construed to vest the fee simple title or other whole estate or interest which the grantor had power to dispose of at that time in the real estate conveyed or granted, unless a contrary intention shall appear in the deed, conveyance or grant. (e.s.)
The First District Court of Appeal has interpreted this section to mean that unless there is an express intent to reserve subsurface rights in real property, a deed in the form prescribed by s689.02, F.S., conveying particular real property operated to convey the fee simple title to the property, including subsurface rights, in the absence of words of limitation or other expressions of contrary intention in the instrument. Holland v. State,388 So.2d 1080 (1 D.C.A. Fla., 1980). In Holland, supra, the original grantor had conveyed a strip of land by warranty deed to the state in 1969 for use as a road right-of-way. Later, oil was found under that right-of-way and Holland challenged the deed. He argued that the deed, which had no limiting words and expressed no intention to convey anything other than a fee simple title, was ambiguous regarding the estate actually conveyed, and that there had been no intention to transfer the subsurface rights. The court held that the deed was not ambiguous, and without the words of limitation it acted to transfer fee simple title, which included the subsurface rights.
In conclusion, if subsurface rights are included in one taxable interest or as an integral part of the whole interest in the fee of real property and a tax deed is issued for such interest in the fee, the deed will convey the fee owner's whole interest including any subsurface rights or interests.
Sincerely,
Jim Smith, Attorney General
Prepared by: Jason Vail, Assistant Attorney General