STEVEN HOFFENBERG, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hoffenberg v. Commissioner
Docket No. 31549-87
United States Tax Court
T.C. Memo 1989-676; 1989 Tax Ct. Memo LEXIS 676; 58 T.C.M. (CCH) 1038; T.C.M. (RIA) 89676; December 27, 1989
*676 On the date the notice of deficiency was mailed P's "last known address" was 34 Paerdegat 10 Street, Brooklyn, N.Y. 11236. On October 10, 1985, R sent his notice of deficiency by certified mail to P addressed as follows: "Mr. Steven Hoffenberg, c/o Jessie Vogel, Esq., 34 Paerdegat 10 Street, Brooklyn, N.Y. 11236." The petition was filed on September 18, 1987, and the envelope in which it was contained bears a clearly legible U.S. postmark date of "Sep. 16, 1987." P claims that the notice is defective and, thus, invalid because it was improperly addressed and not received until 1987. R counters that his notice was mailed to P's last known address, sec. 6212(b)(1), I.R.C. 1954, and, therefore, the petition was not timely filed, sec. 6213(a), I.R.C. 1954. Held, in these circumstances, the notice was mailed to P's last known address within the intendment of sec. 6212(b)(1). Held further, the petition was not timely filed. Secs. 6213(a) and 7502. Shlomo Aaron Beilis, for the petitioner. Terry W. Vincent and Andrew J. Mandell, for the respondent. FAY
MEMORANDUM *679 FINDINGS OF FACT AND OPINION FAY, Judge: This case was assigned to Special Trial Judge Francis J. Cantrel pursuant to the provisions of section 7443A(b)(4) [1] and Rule 180 et seq., Tax Court Rules of Practice and Procedure. The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is before the Court on cross-motions to dismiss for lack of jurisdiction. Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Additional exhibits were received at the hearing. Petitioner called one witness, Mr. Eugene C. Hagburg (Mr. Hagburg), who was qualified by the Court as an expert. Beginning in 1979 and continuing through 1985, Mr. Hagburg was an Assistant Postmaster General, Delivery Services Department, United States Postal Service. He was responsible for the system-wide operational policies for a city and rural delivery of 100 *680 million delivery points; operational policies for a retail unit network of more than 50,000 window positions; national policies for a postal fleet of 124,000 vehicles and related support and maintenance facilities; and the management of national system activities related to the use of address information data systems such as zip codes. FINDINGS OF FACT During the years 1982 through 1985, petitioner resided at 34 Paerdegat 10 Street, Brooklyn, N.Y. 11236 (the 10 Street address) and received mail addressed to him at that address. Harold Hoffenberg, petitioner's father, has lived at the 10 Street address for over 15 years and had often received mail addressed to his son at that address. Petitioner's mailing address on the date he filed his petition was 417 Fifth Avenue, New York, N.Y. 10016. On October 10, 1985, the Office of the District Director, Internal Revenue Service, Brooklyn, New York (IRS) sent a notice of deficiency by certified mail to petitioner addressed as follows: "Mr. Steven Hoffenberg, c/o Jessie Vogel, Esq., 34 Paerdegat 10 Street, Brooklyn, N.Y. 11236." In his notice, respondent determined deficiencies in petitioner's Federal income tax for the taxable calendar *681 years 1972-1979 and 1981, as well as additions to the tax for the taxable years 1977-1979. Over the years petitioner used at least five different addresses in submitting correspondence and forms to the IRS. None of those documents showed a return address the same as the address respondent used for the notice of deficiency. The last three documents submitted by petitioner to the IRS prior to the mailing of the notice of deficiency showed his address to be the 10 Street address. Jessie Vogel, Esq., never resided at the 10 Street address. In mailing his notice respondent knew or should have known that the insertion of "c/o Jessie Vogel, Esq." in petitioner's address was a mistake. However, this mistake does not negate the fact that petitioner is the taxpayer against whom respondent determined the income tax deficiencies and the addressee designated in the address on the notice of deficiency. The Domestic Mail Manual (DMM) contains the regulations of the United States Postal Service governing its domestic mail services. DMM, Issue 15, sec. 111.1 (July 12, 1984). [2] Normally, postal service employees follow the procedures mandated by the DMM. There is no evidence in this record *682 that such procedures were not followed in this case. Certified mail provides the mailer with a mailing receipt. A copy of such receipt, U.S. Postal Service Form 3877, which is direct evidence of mailing and guarantees a record of mail into the system by the mailer, but which does not guarantee delivery, is a part of this record. Certified mail will be dispatched and handled in transit as ordinary mail. Certified mail not restricted in delivery will be taken out on the first trip after it is received and delivered to the addressee. The certified mailing to petitioner was not restricted in delivery. A record of delivery is kept at *683 the office of address. Delivery records are kept for 2 years, at the end of which period they are destroyed. All postal service records reflecting delivery of certified mail in Brooklyn, New York for the period in question were destroyed subsequent to September 18, 1987, the date the petition was filed. Certified mail marked "in care of" another is delivered to the first of the two persons named who may call for it; or, in the absence of instructions from the addressee, to the address of the person in whose care it is directed. Notwithstanding the insertion of the words "c/o Jessie Vogel, Esq." in the address on the notice of deficiency, the postal carrier would deliver the notice of deficiency to the 10 Street address. In the event delivery cannot be completed for any reason, the carrier will leave a notice of arrival on Form 3849-A, Delivery Notice or Receipt, which advises the addressee that there is an article to be picked up at the post office. If the article is not called for in 5 days, a second notice on Form 3849-B, Delivery Reminder or Receipt, would have been left at the 10 Street address. If the article is again not called for or its redelivery is requested, it will *684 be returned at the expiration of the period stated by the sender, or after 15 days if no period is stated. Respondent's administrative file does not contain any indication that any correspondence was returned by the Postal Service as "undeliverable" or "unclaimed." Petitioner claims that he did not receive the notice of deficiency until respondent provided a copy thereof to his attorney in 1987. The petition, which is dated September 16, 1987, was filed with this Court on Friday, September 18, 1987. It was received in an envelope bearing thereon a clearly legible U.S. postmark date of "Sep. 16, 1987." The 90-day period for the filing of a timely petition with this Court expired on Wednesday, January 8, 1986, which was not a legal holiday in the District of Columbia. OPINION The jurisdiction of this Court is governed by statute. Sec. 7442. In general, Tax Court jurisdiction exists only if a valid notice of deficiency has been issued and a timely petition filed therefrom. Secs. 6212 and 6213; Keeton v. Commissioner, 74 T.C. 377, 379 (1980); Midland Mortgage Co. v. Commissioner, 73 T.C. 902, 907 (1980). It is undisputed that the petition was *685 not mailed to or received by this Court within the 90-day period prescribed in sections 6213(a) and 7502. Accordingly, if respondent mailed a valid notice of deficiency, the petition will have to be dismissed for lack of jurisdiction. Rappaport v. Commissioner, 55 T.C. 709 (1971), affd. without published opinion 456 F.2d 1335 (2d Cir. 1972); Pfeffer v. Commissioner, 272 F.2d 383, 384 (2d Cir. 1959); Galvin v. Commissioner, 239 F.2d 166 (2d Cir. 1956), where venue on appeal of this case lies. However, if jurisdiction is also lacking for respondent's failure to mail a valid notice of deficiency, we will dismiss the case on that ground, rather than for lack of timely filing a petition. Keeton v. Commissioner, supra at 379-380, and cases there collected. The parties have stipulated that petitioner resided at the 10 Street address throughout 1985 and that respondent mailed the notice of deficiency to petitioner at that address on October 10, 1985. They are sharply divided, however, as to whether the notice as addressed is sufficient. The answer depends on whether the inclusion of the words "c/o Jessie *686 Vogel, Esq." in the address had the effect of negating an otherwise valid mailing. Respondent's position is that the added words in the address on the notice are mere surplusage having no effect on its proper mailing or delivery. In support of his position he contends, inter alia, that the notice was mailed to petitioner at his correct street address and, thus, mailed to petitioner at his last known address within the meaning of section 6212(b)(1). Petitioner, on the other hand, maintains that the address on the notice of deficiency is "technically" that of Jessie Vogel, Esq. Therefore, the notice is defective because it was improperly addressed and never received by petitioner at that address. Accordingly, he argues that where the notice of deficiency is neither sent to the correct address nor received within sufficient time to file a timely petition, this case must be dismissed due to the invalidity of the notice. We agree with petitioner that the provisions of sections 6212(a), 6212(b)(1), and 6213(a) were designed to afford a taxpayer notice of the Commissioner's determination and an opportunity to litigate the validity of that determination in this Court without paying *687 the determined deficiency. McKay v. Commissioner, 89 T.C. 1063, 1067 (1987), affd. 886 F.2d 1237 (9th Cir. 1989); Mulvania v. Commissioner, 81 T.C. 65, 67 (1983). The United States Court of Appeals for the Second Circuit likewise agrees with petitioner. Commissioner v. New York Trust Co., 54 F.2d 463, 465 (2d Cir. 1931), cert. denied 285 U.S. 556 (1932). Nonetheless, for the reasons set out hereinafter, petitioner is not entitled to litigate the determined deficiencies in this Court. Section 6212(a) authorizes the Secretary of the Treasury to send a notice of deficiency to a taxpayer by certified or registered mail when he determines that a deficiency exists in a taxpayer's taxes. Respondent has the burden of proving that the notice of deficiency was properly mailed. Cataldo v. Commissioner, 60 T.C. 522, 524 (1973), affd. per curiam 499 F.2d 550 (2d Cir. 1974); August v. Commissioner, 54 T.C. 1535, 1536 (1970). However, he is not required to establish that Postal Service personnel performed their official duties. Cataldo v. Commissioner, 60 T.C. at 524. *688 From this record, it is clear that petitioner is the taxpayer against whom respondent determined the deficiencies. It is uncontroverted that respondent mailed the notice of deficiency to petitioner by certified mail on October 10, 1985. It is further uncontroverted that petitioner resided at the 10 Street address throughout 1985. Section 6212(b)(1) states, with an exception not relevant herein, that the notice authorized by section 6212(a) shall be sufficient if mailed to the taxpayer at his "last known address." Neither section 6212 nor the regulations promulgated thereunder define a taxpayer's last known address. However, it has been established for many years that a taxpayer's last known address must be determined by a consideration of all relevant circumstances; it is the address which, in the light of such circumstances, respondent reasonably believes the taxpayer wishes to have respondent use in sending mail to him. Clark's Estate v. Commissioner, 173 F.2d 13, 14 (2d Cir. 1949), affg. 10 T.C. 1107 (1948). The record shows beyond question that petitioner wished respondent to use the 10 Street address in sending mail to him. The U.S. Postal *689 Service Form 3877, which contains the same address as the notice of deficiency, is highly probative evidence that the notice was mailed to that address. Cataldo v. Commissioner, 60 T.C. at 524; United States v. Ahrens, 530 F.2d 781, 784 (8th Cir. 1976). The DMM provides that "the address must include the name and the street and number * * *. The ZIP Code should be included in all addresses * * *." (Emphasis supplied.) DMM, secs. 122.12 and 122.14. Hence, the Postal Service requires only the name, street, and number of the addressee. The use of zip codes is for the convenience of the Postal Service and to date is not requisite to the delivery of mail. See Price v. Commissioner, 76 T.C. 389, 392 (1981). Here, the address on the notice of deficiency contained petitioner's name, street, and number. Although not required, it also contained petitioner's correct zip code. In any event, it is the address where respondent reasonably believed petitioner wished to be reached. Tadros v. Commissioner, 763 F.2d 89, 91 (2d Cir. 1985); Clark's Estate v. Commissioner, 173 F.2d at 14. Indeed, on this *690 record, despite the protestations to the contrary in his affidavit, it appears that petitioner received the notice of deficiency. Certified mail for delivery by carriers is taken out on the first trip after it is delivered. If such mailing is not restricted in delivery, it will be delivered to the addressee. DMM, sec. 912.51. The mailing here was not restricted in delivery. If delivery cannot be completed for any reason the carrier, if necessary, will leave two notices advising the addressee that there is a certified mailing to be picked up at the post office. If there is no response within 15 days after the second notice is left, the mailing will be returned by the Postal Service to the IRS. DMM, sec. 912.55. Respondent's administrative file contains no indication that any correspondence was returned by the Postal Service as "undeliverable" or "unclaimed." In fact, there is no convincing evidence that the notice was not delivered. Certified mail marked "in care of" another is delivered to the first of the two persons named who may call for it; or to the address of the person in whose care it is directed in the absence of instructions from the addressee. DMM, sec. 153.16. Petitioner *691 is the first person named in the address. Petitioner's expert, Mr. Hagburg, was employed with the Postal Service from 1967 until 1987. His testimony disclosed a thorough knowledge of the DMM's regulations and how its directives were, in fact, carried out. His candid responses to the Court's inquiries were enlightening and helpful. According to him, Postal Service employees normally follow the mandates of the DMM. In that regard, there is not a scintilla of evidence in this record that such employees failed to carry out those mandates in connection with the receipt and delivery of the certified mailing before the Court. [3] It was Mr. Hagburg's unequivocal testimony that petitioner is the addressee designated in the notice of deficiency and that the certified mailing would have been delivered to the 10 Street address, notwithstanding the inclusion of the words "c/o Jessie Vogel, Esq." in the address. *692 In our view, the address on the notice of deficiency was sufficient. It contained petitioner's name, street, and number. In the absence of clear evidence to the contrary, it was the address at which the postal carrier attempted delivery of the notice. If delivery could not be completed for any reason, the carrier would have left two notices advising that there was an article to be picked up at the post office. The inclusion of the words "c/o Jessie Vogel, Esq." in the address had no effect on the mailing or delivery of the notice of deficiency. Mistakes in the notice which do not frustrate its purpose are negligible. Olsen v. Helvering, 88 F.2d 650, 651 (2d Cir. 1937). In sum, petitioner's positions exalt form over substance. Petitioner's correct name, street, and number were on the notice. That was the only address at which a postal carrier could deliver the notice. We conclude, therefore, in these circumstances, that respondent properly mailed the notice of deficiency to petitioner at his last known address within the intendment of section 6212(b)(1). All of petitioner's other contentions are likewise without merit. We answer some of them. A notice *693 of deficiency is adequate for purposes of the statute if it is mailed to the taxpayer's last known address; actual receipt of the notice is unnecessary. Tadros v. Commissioner, supra at 91. In Zenco Engineering Corp. v. Commissioner, 75 T.C. 318, 323 (1980), affd. without published opinion 673 F.2d 1332 (7th Cir. 1981), we said There is a strong presumption in the law that a properly addressed letter will be delivered, or offered for delivery, to the addressee. * * * Any other rule would impose unwarranted requirements upon respondent and would render meaningless the plain language of section 6212(b)(1). Moreover, tax cases could all become farcical swearing contests, with impermissibly high rewards for false testimony, if we awarded unconditional relief to every taxpayer who was willing to testify that he had not received the notice of deficiency. [Citations omitted.] Showing that a notice was returned is not an essential part of the proof required to show that a notice was properly mailed. Cataldo v. Commissioner, 60 T.C. at 524. Furthermore, section 6212(a) refers only to registered and certified mail. *694 There is nothing in the legislative history of this provision that indicates Congress intended deficiency notices sent by certified mail be sent return receipt requested. See Epstein v. Commissioner, T.C. Memo. 1989-498. Petitioner is not without adequate remedy nor is he deprived of his constitutionally protected right of due process. He can still pay the tax, file a claim for refund and, if the claim is denied, institute an action in a United States District Court or the United States Claims Court. Brown v. Lethert, 360 F.2d 560, 562 (8th Cir. 1966). See Bellis v. Commissioner, T.C. Memo. 1989-277; and sec. 7422. In view of the foregoing, respondent's motion will be granted and petitioner's motion will be denied. An appropriate order of dismissal for lack of jurisdiction will be entered. APPENDIX A
The relevant sections of the DMM, effective in October 1985, are as follows: 122 Addresses 122.1 General Information .11 The name and the address on mail must be written clearly and legibly on one side only. * * * .12 The address must include the name and the street and number * * *. * * * .14 The ZIP *695 Code should be included in all addresses * * *. * * * 153 * * * .16 Mail Marked In Care Of Another. Mail marked In Care of another is delivered to the first of the two persons named who may call for it; or to the address of the person in whose care it is directed in the absence of instructions from the addressee. * * * 912 Certified Mail 912.1 Description. Certified mail service provides the sender with a mailing receipt and a record of delivery at the office of address. No record is kept at the office at which certified mail is mailed. It will be dispatched and handled in transit as ordinary mail. * * * * * * 912.5 Delivery .51 Procedure. Certified mail for delivery by carriers will be taken out on the first trip after it is received * * *. Certified mail not restricted in delivery will be delivered to the addressee or his authorized representative. * * * * * * .54 Delivery Records The delivery records will be held for 2 years. At the end of that period the records will be destroyed. .55 Notice of Arrival. The carrier will leave a notice of arrival on Form 3849-A, Delivery Notice or Receipt, if he cannot deliver the certified article *696 for any reason. The article will be brought back to the post office and held for the addressee. If the article is not called for within 5 days, a second notice on Form 3849-B, Delivery Reminder or Receipt, will be issued. If the article is not called for or its redelivery requested, it will be returned at the expiration of the period stated by the sender, or after 15 days if no period is stated. Footnotes
1. Unless otherwise indicated, section references are to sections of the Internal Revenue Code in effect for the years in issue.↩
2. All sections of the DMM to which reference is made herein were in full force and effect in October 1985. Our later references to the pertinent sections thereof will refer only to DMM and section number. In the interest of completeness, and for a precise recitation of all of the relevant sections of the DMM, see Appendix A. Copies of the DMM are available for inspection upon request at all domestic post offices, stations, and branches during normal business hours, and it is published in the Federal Register. DMM, secs. 111.51 and 111.54.↩
3. At the hearing petitioner's counsel advised that someone in his office had contacted the Postal Service employee who was responsible for the October 10, 1985, mailing. The employee said he did not recall this particular mailing "because its been awhile ago" and "all documents have been destroyed."↩