JOEL D. DAVIS AND EVELYN DAVIS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Davis v. Commissioner
Docket No. 3176-89
United States Tax Court
T.C. Memo 1990-473; 1990 Tax Ct. Memo LEXIS 519; 60 T.C.M. (CCH) 666; T.C.M. (RIA) 90473; August 30, 1990, Filed *519 An appropriate order of dismissal for lack of jurisdiction will be entered. Helen E. Marmoll, for the petitioners. Warren P. Simonsen, for the respondent. SCOTT, Judge. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION This case was assigned to Special Trial Judge Stanley J. Goldberg pursuant to the provisions of section 7443A(b)(4) of the Internal Revenue Code of 1986[1] and Rule 180 et seq., Tax Court Rules of Practice and Procedure. The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. *521 OPINION OF THE SPECIAL TRIAL JUDGE GOLDBERG, Special Trial Judge: This case is before the Court on respondent's motion to dismiss for lack of jurisdiction on the ground that the petition was not timely filed under the provisions of section 6213(a). Petitioners filed a timely objection to the motion. Petitioners contend that (1) the notices of deficiency were not mailed to their last known address, and (2) although they never received the notices of deficiency, they nevertheless filed their petition promptly upon learning of the existence of the notices and, therefore, are entitled to invoke the jurisdiction of this Court. Because petitioners seek to invoke our jurisdiction, they have not filed a cross-motion to dismiss. We calendared respondent's motion for hearing in Washington, D.C., on September 20, 1989. The case was called from the calendar and counsel for the parties appeared and were heard. The motion was continued to October 4, 1989, for further evidentiary hearing. The case was again called from the calendar on that date and counsel for the parties appeared and were heard. Some of the facts have been stipulated and are so found. The stipulation of facts *522 and attached exhibits are incorporated herein by this reference. FINDINGS OF FACT Respondent determined the following deficiencies in, and additions to, petitioners' Federal income tax: Taxable Year
Deficiency
Sec. 6653(b) Addition to Tax
1972
$   4,317.00
$  2,158.50
1973
4,061.78
2,466.50
1974
4,468.00
2,234.00
1976
47,770.00
23,885.00
1977
58,412.00
29,206.00
1978
23,107.00
11,553.50
1979
29,107.00
14,665.00
1980
145,344.00
72,672.00
1981
150,204.00
75,102.00
The notice of deficiency for the taxable years 1972, 1973, 1974, and 1976 through 1980, dated May 2, 1988, was sent by certified mail number 25260 by the District Director in Baltimore, Maryland. The notice was addressed to petitioners as follows: Mr. Joel D. Davis Mrs. Evelyn Davis 1 Hameshorerim Street, Apt. 18 Jerusalem, Israel
The notice of deficiency for the 1981 taxable year, also dated May 2, 1988, was sent by certified mail number 25261 by the District Director in Baltimore. This notice was also addressed to petitioners as follows: Mr. Joel D. Davis Mrs. Evelyn Davis 1 Hameshorerim Street, Apt. 18 Jerusalem, *523 Israel
The certified mail numbers were stamped on the United States Postal Service Form 3877 -- Application for Registration or Certification. In view of the fact that the notices of deficiency were addressed to petitioners outside the United States, the 150-day provisions of section 6213(a) apply here. The 150-day period for filing a petition with this Court expired on Thursday, September 29, 1988, which date was not a legal holiday in the District of Columbia. The petition in this case was hand delivered to the Tax Court on Thursday, February 16, 1989, and was filed on that day. This date is 290 days from the date of the mailing of the notices of deficiency. Petitioners filed joint Federal income tax returns for all years at issue and stated their address on the returns as 11403 Monticello Avenue, Silver Spring, MD 20902. In 1982, petitioners moved to Israel. On their joint Federal income tax returns for 1982, 1983, 1984, and 1985, petitioners used the following addresses: Taxable Years
Address
1982
11403 Monticello Avenue
Silver Spring, MD 20902
1983 and 1984
c/o Benjamin Davis
1111 N. Belgrade Road
Silver Spring, MD 20902
1985
Hameshorerim 1/18
Jerusalem - Old City - Israel
*524 Also, on a jointly filed amended income tax return for 1982, received by respondent's Philadelphia Service Center on September 11, 1986, petitioners stated their address as Hameshorerim 1/18, Jerusalem - Old City - Israel. Petitioners' income tax returns for 1983, 1984, and 1985 were received by respondent's offices and on the dates listed below: Taxable Year Income
Tax Return
Date Received
Location
1983
July 31, 1984
Unknown
1984
October 15, 1985
District Director
Wheaton, MD
1985 November 30, 1987
Philadelphia
Service Center
Respondent's weekly Audit Information Management System (AIMS) update report, dated February 8, 1987, lists petitioners' address for the years in question as "1 Hameshorerim Street, Apt. 18, Jerusalem, Israel." However, respondent's May 1988 ACTRA listing which displays the taxpayers' account transcript, reads as follows: JOEL & EVELYN DAVIS HAMESHORERIM 1 18 JERUSALEM OLD CITY THE [sic] ISRAEL
On the heading of a letter dated February 16, 1988 (regarding the 1983 return), addressed to respondent's Philadelphia Service Center, petitioner Joel D. Davis typed the following: Joel D. Davis
*525 Hameshorerim 1/18 Jerusalem 97500 Israel
Petitioners never filed a written notice of change of address with the Internal Revenue Service during any period prior to the filing of the petition in this case. An affidavit of Zippora Kahana, the postperson in the Jewish Quarter of the Old City of Jerusalem who operates the post office that receives and delivers mail to petitioners at 1 Hameshorerim, Apt #18, executed on August 29, 1989, stated that: (1) her post office keeps a log of all certified and registered mail received for delivery; (2) she searched the log for the months of May and June 1988 and no certified or registered mail was received for petitioners during such period of time, especially any mail bearing United States Postal Service certified mail numbers 25260 and 25261; (3) mail that does not contain the designation "Old City" can still be delivered, particularly if the ZIP code is used; and (4) mail that used neither the designation "Old City" nor the ZIP code also can be delivered but presents some difficulties. Further, a sworn declaration executed on September 5, 1989, by Joseph Sharvit, the Assistant Postmaster of the Jerusalem, Israel post office states that: *526 (1) "Joel D. Davis and Evelyn Davis, 1 Hameshorerim Street, Apt. 18, Jerusalem 97500 Israel," is a proper mailing address in Jerusalem, Israel; (2) any mail so addressed would be deliverable; (3) the designation "Old City" and ZIP code are not necessary for the delivery of mail in Jerusalem, Israel; and (4) the nonuse of the ZIP code, however, can result in a short delay in the delivery of the mail. OPINION It is well established that in order to maintain an action in this Court, there must be a valid notice of deficiency and a timely filed petition. Abeles v. Commissioner, 91 T.C. 1019, 1025 (1988). Section 6212(a) and (b) authorizes respondent to send the taxpayer a notice of deficiency by certified or registered mail to the taxpayer's last known address. If the respondent notifies the taxpayer in compliance with section 6212 by notice addressed to him or her outside of the United States, such taxpayer, as in this case, has 150 days after the mailing of the notice of deficiency to petition this Court for redetermination of the deficiency determined by respondent. Sec. 6213(a). Petitioners contend that the notices of deficiency were not mailed to their *527 last known address because the designation "Old City" and the Israeli ZIP code did not appear on the notices. Further, petitioners argue that because they filed their petition promptly after learning about the existence of the notices of deficiency, they can invoke the jurisdiction of this Court. We have stated that, in general, a taxpayer's "last known address" is the address to which, in light of all surrounding facts and circumstances, respondent reasonably believed the taxpayer wished the notice of deficiency to be sent. Abeles v. Commissioner, supra at 1031; Ramirez v. Commissioner, 87 T.C. 643, 650 (1986); Looper v. Commissioner, 73 T.C. 690, 696 (1980). Absent clear and concise notification of a change of address, as is the case here, respondent generally is entitled to rely on the txpayer's address as stated on the taxpayer's most recently filed tax return as of the date of the notice of deficiency. Pomeroy v. United States, 864 F.2d 1191, 1194 (5th Cir. 1989); King v. Commissioner, 857 F.2d 676, 679 (9th Cir. 1988), affg. 88 T.C. 1042 (1987); United States v. Zolla, 724 F.2d 808, 810 (9th Cir. 1984), *528 cert. denied 469 U.S. 830 (1984); Abeles v. Commissioner, supra at 1035. After examining the totality of the circumstances and balancing many relevant factual elements, we find that petitioners' "last known address" at the time of the mailing of the notices of deficiency on May 2, 1988, was "Hameshorerim 1/18 Jerusalem - Old City - Israel." This is the address on petitioners' 1985 joint Federal income tax return received by respondent's Philadelphia Service Center on November 30, 1987, which was the most recently filed return known to respondent at the date of the mailing of the notices. King v. Commissioner, supra at 679. Furthermore, this is the address on respondent's ACTRA listing. It must be kept in mind that petitioners never expressly informed respondent of their change of address by written notice. Furthermore, on petitioners' 1985 income tax return no Israeli ZIP code is used. However, mail addressed to petitioners at "1 Hameshorerim Street, Apt. 18, Jerusalem, Israel," the address on both notices of deficiency, is a proper mailing address and would be deliverable. The designation "Old City" or the use of the Israeli *529 ZIP code are not necessary for delivery of mail in Jerusalem, Israel. We have reached this conclusion based on the statements contained in the stipulated affidavits of the two Israeli postal officials. Therefore, we find that respondent's notices of deficiency mailed on May 2, 1988, were in fact mailed to petitioners' "last known address" within the meaning of section 6212(b)(1). The notices contained petitioners' names, street address, apartment number, city, and country. With these elements comprising petitioners' full address, the notices of deficiency addressed to petitioners as they are here, would be deliverable and are valid. Hoffenberg v. Commissioner, T.C. Memo. 1989-676, affd. 905 F.2d 665 (2d Cir. 1990). We cannot explain why petitioners would not have received the notices of deficiency for the years involved. The validity of the notices, however, does not depend on receipt by the taxpayer, but rather upon proper mailing to the taxpayer's "last known address." King v. Commissioner, supra at 679; Tadros v. Commissioner, 763 F.2d 89, 91 (2d Cir. 1985); Zenco Engineering Corp. v. Commissioner, 75 T.C. 318, 321-322 (1980), *530 affd. without published opinion 673 F.2d 1332 (7th Cir. 1981). Now we address petitioners' second argument that we have jurisdiction because they promptly filed their petition with the Court upon learning of the existence of the notices. The jurisdiction of the Tax Court is governed by statute. Sec. 7442. It is well settled that in order to maintain an action in this Court, there must be a valid notice of deficiency and a timely petition. Secs. 6212 and 6213; Abeles v. Commissioner, supra at 1025. We have found that the notices of deficiency in this case were valid because they were sent to petitioners' last known address within the meaning of section 6212(b)(1). It is undisputed that the petition was not mailed or received by the Court within the 150-day period prescribed in sections 6213(a) and 7502. If a taxpayer declines or fails to file a petition seeking a redetermination within the applicable period provided by section 6213(a), then we have no jurisdiction over the deficiency, and respondent may then assess and begin collection activities. Abeles v. Commissioner, supra at 1027. Also, as previously stated, the validity *531 of a notice of deficiency does not require receipt by petitioners. Therefore, because the petition was not filed within the 150-day period provided by section 6213(a), we have no jurisdiction. Accordingly, respondent's motion to dismiss for lack of jurisdiction will be granted. To reflect the foregoing, An appropriate order of dismissal for lack of jurisdiction will be entered. Footnotes
1. All section references are to the Internal Revenue Code of 1986, as amended and in effect at the time of the issuance of the notices of deficiency (May 2, 1988).↩