BARNEY J. AND NONA WATKINS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Watkins v. Commissioner
Docket No. 3274-90.
United States Tax Court
T.C. Memo 1992-6; 1992 Tax Ct. Memo LEXIS 18; 63 T.C.M. (CCH) 1710; T.C.M. (RIA) 92006; January 6, 1992, Filed *18 An appropriate order of dismissal for lack of jurisdiction will be entered. Barney J. and Nona Watkins, pro se. Shelia Dansby Harvey, for respondent. GOLDBERG, Special Trial Judge. GOLDBERG
cEMORANDUM OPINION This case was heard pursuant to the provisions of section 7443A(b)(3) of the Internal Revenue Code and is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction on the ground that the petition was not filed within the time prescribed by section 6213(a). [1]
Petitioners filed an objection to respondent's motion contending that the notice of deficiency was not mailed to their last known address within the meaning of section 6212(b)(1), and when they actually received the notice they immediately filed their petition. Petitioners want the Court to retain jurisdiction. The hearing was held in Houston, Texas. The evidence consists of a Stipulation of Facts with attached exhibits (incorporated *19 herein by reference), testimony, and exhibits received at the hearing. Petitioners' address was Rt. 3, Box 6250, Porter, Texas 77365, on the date of the mailing of the notice of deficiency and at the time of the filing of the petition in this case. Their current address is 24615 Moorgate, Hoffman, Texas 77336. On November 29, 1988, respondent mailed a notice of deficiency to petitioners addressed to them at Rt. 3, Box 6250, Porter, Texas 76350, by certified mail. In the notice, respondent determined deficiencies in petitioners' Federal income taxes for 1981, 1982, and 1983, in the respective amounts of $ 3,328, $ 3,826, and $ 2,503. The 90-day period for timely filing the petition with this Court expired on Monday, February 27, 1989, which date was not a legal holiday in the District of Columbia. The petition was filed with the Court on February 20, 1990, 448 days after the mailing of the notice of deficiency. The ZIP code, 76350, on the notice of deficiency and the envelope containing the notice was incorrect. The envelope containing the notice of deficiency bears a December 1, 1988, postmark made by the Wichita Falls, Texas, post office, which services ZIP codes beginning *20 with the first three digits 763. This is the date the envelope containing the notice was forwarded from Wichita Falls, Texas, ZIP code 76350, to Porter, Texas, ZIP code 77365. The rural letter carrier, whose route in 1988 included all mail with ZIP code 77365, testified that she attempted to deliver the notice on December 3, 1988. She recalled that she drove to petitioners' residence and, because there was a fence around the property, sounded her horn to try to attract their attention. When there was no response, she left a notice (Form 3849) in petitioners' mailbox. The letter carrier made a second attempt to deliver the notice on December 8, 1988, with no success. Since the envelope containing the notice of deficiency had not been claimed and the time for holding it had expired, it was returned to the sender on December 19, 1988. The envelope bears the United States Postal Service postmark at Porter, Texas, December 19, 1988, and is stamped with the words "UNCLAIMED" and "RETURNED TO SENDER." It was received by respondent's appeals office in Houston, Texas, on December 20, 1988. The Domestic Mail Manual (DMM) contains the regulations of the United States Postal Service governing *21 its domestic mail service. DMM, sec. 111.1, Issue 28 (Sept. 18, 1988). [2] Normally, Postal Service employees follow procedures mandated by the DMM. There is no evidence in the record that such procedures were not followed in this case. Certified mail provides the sender with a mailing receipt and a record of delivery at the post office of the addressee and is dispatched and handled in transit as ordinary mail. DMM, sec. 912.1 and sec. 912.45. An attempt to deliver certified mail to the addressee is made on the next regular *22 delivery after the certified article is received by the post office. The addressee signs a Form 3849, Delivery/Notice/Reminder/Receipt, if delivery is made on the first trip. If delivery of the certified article cannot be completed for any reason, the carrier will leave a notice, Form 3849. The article will be brought back to the post office and held for the addressee. If the article is not called for within 5 days, a second and final notice is left. If the article is not picked up at the post office within 15 days after the second notice is left, the article is returned to the sender. DDM, secs. 912.51, 912.52, 912.55. Rural delivery service generally follows the same provisions. DMM, secs. 156.311 and 156.32. The name and address must appear on all mail. For purposes of this case, the address must include the name of the intended recipient, and the rural route and box number, the city, and state. DMM, secs. 122.11 and 122.13. The use of ZIP codes is voluntary and recommended on all mail because it enables the Postal Service to achieve greater reliability and efficiency in dispatch and delivery. DMM, sec. 122.32. On the basis of the record before us, we find and hold *23 that the envelope containing the notice was mailed to petitioner's last known address in accordance with section 6212(b). The jurisdiction of this Court is governed by statute. Sec. 7442. It is well established that to maintain an action in this Court, there must be a valid notice of deficiency and a timely filed petition. Secs. 6212, 6213; Monge v. Commissioner, 93 T.C. 22, 27 (1989); Abeles v. Commissioner, 91 T.C. 1019, 1025 (1988); Keeton v. Commissioner, 74 T.C. 377, 379 (1980). A valid notice of deficiency has been issued if it is mailed to the taxpayer's last known address by certified or registered mail. Sec. 6212(a) and (b). If the respondent notifies the taxpayer in compliance with section 6212 by notice addressed to him inside the United States, such taxpayer, as in this case, has 90 days after the mailing of the notice of deficiency to petition this Court for redetermination of the deficiency determined by respondent. Sec. 6213(a). The validity of a notice of deficiency does not depend on receipt by the taxpayer, but rather upon proper mailing to the taxpayer's last known address. Hoffenberg v. Commissioner, 905 F.2d 665 (2d Cir. 1990), *24 affg. T.C. Memo. 1989-676; King v. Commissioner, 857 F.2d 676, 681 (9th Cir. 1988), affg. on other grounds 88 T.C. 1042 (1987); Keado v. United States, 853 F.2d 1209, 1211-1212 (5th Cir. 1988). Once the notice is mailed to the taxpayer's last known address, nothing in the Code requires respondent to take additional steps to effectuate delivery. Pomeroy v. United States, 864 F.2d 1191, 1195 (5th Cir. 1989); King v. Commissioner, supra at 681. It is undisputed that the petition was not mailed to or received by this Court within the 90-day period prescribed in sections 6213(a) and 7502. Accordingly, if respondent mailed a valid notice of deficiency, the petition will have to be dismissed for lack of jurisdiction. Abeles v. Commissioner, supra.However, if jurisdiction is also lacking for respondent's failure to mail a valid notice of deficiency, we will dismiss the case on that ground, rather than for lack of timely filing of the petition. Keeton v. Commissioner, supra at 379-380, and cases cited therein. According *25 to the DMM, the address must include the name of the recipient, the rural route and box number, the city, and State. It is recommended that ZIP code be used. However, the ZIP code number is not a requirement for proper delivery, but is for the convenience of the Postal Service and is helpful to ensure prompt delivery. In our view, the typing of the incorrect 5-digit ZIP code on the notice and mailing envelope is a de minimis error not fatal to a notice of deficiency. Further, we note that the incorrect ZIP code did not cause confusion in the delivery of the notice. The evidence demonstrates that the notice was timely forwarded by the Wichita Falls, Texas, post office to the Porter, Texas, post office and the rural mail carrier attempted delivery to petitioners without success, well within the 90-day period. Therefore, because the petition was not filed within the 90-day period provided by section 6213(a), we have no jurisdiction. Accordingly, respondent's Motion to Dismiss for Lack of Jurisdiction will be granted. Petitioners are reminded that perhaps they may be entitled to obtain judicial review of the substantive issues by pursuing the refund route: that is, they may *26 be able to pay the deficiency, file a refund claim, and then, if their claim is denied or respondent fails to act on it within the requisite period, sue within the statutory period for the refund in the appropriate United States district court or in the United States Claims Court. See secs. 7422(a), 6532(a). To reflect the foregoing, An appropriate order of dismissal for lack of jurisdiction will be entered. Footnotes
1. All section references are to the Internal Revenue Code as in effect for the years in issue.↩
2. All sections of the Domestic Mail Manual (DMM) to which reference is made herein were in effect during the period September 18, 1988, through December 17, 1988. Our later references to the pertinent sections thereof will refer only to DMM and section number. Furthermore, copies of the DMM are available for inspection upon request at all domestic post offices, stations, and branches during normal business hours, and it is published in the Federal Register. DMM, secs. 111.51 and 111.54.↩