COREY DON EIGES, THERESA DEAL EIGES, AND JORDAN DEAL EIGES, A MINOR, BY COREY DON EIGES AND THERESA DEAL EIGES, AS NEXT FRIENDS, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 17236–92.          Filed July 21, 1993.

Corey Don Eiges and Theresa Deal Eiges, pro sese.
*William R. McCants,* for respondent.

## OPINION

DAWSON, *Judge:* This case was assigned to Special Trial Judge Francis J. Cantrel pursuant to section 7443A(b)(4) and Rules 180, 181, and 183.[1] The Court agrees with and adopts the opinion of the Special Trial Judge set forth below.

### OPINION OF THE SPECIAL TRIAL JUDGE

CANTREL, *Special Trial Judge:* This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction as to Jordan Deal Eiges as transferee of the assets of Corey Don Eiges and Theresa Deal Eiges (petitioner parents), and to amend the caption to read "Corey Don Eiges and Theresa Deal Eiges, Petitioners".

By joint statutory notice of deficiency dated May 12, 1992, respondent determined deficiencies in and additions to petitioner parents' 1983 and 1988 Federal income taxes as follows:

*Additions to tax*

| Year | Deficiency | Sec. 6653(b)(1) | Sec. 6653(b)(2) |
|------|-----------|-----------------|-----------------|
| 1983 | $151,385 | $75,693 | [1] |
| 1988 | 25,541 | 19,156 | - - - |

[1] 50 percent of the interest payable under sec. 6601 with respect to the portion of the underpayment attributable to fraud.

Jeopardy assessments were made in the full amount of the deficiencies and additions for both years on March 13, 1992. According to the explanation attached to the notice of deficiency, respondent increased petitioner parents' 1983 taxable income by $312,000 for gold they "fraudulently received"

---

[1] Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

from the Chase Manhattan Bank of New York. Respondent increased petitioner parents' 1988 taxable income by $157,654 "for cash or cashier checks used to purchase two real estate lots in the name of Theresa Deal but who subsequently testified that the funds came to her from Corey Don Eiges."

Petitioner parents are the natural parents of a minor child, Jordan Deal Eiges (Jordan), born in 1988. On May 12, 1992, respondent also issued a statutory notice of liability to "Jord[a]n Deal Eiges as Transferee of the Assets of Corey Don Eiges and Theresa Deal Eiges as Tenants in the Entirety as Transferee of Theresa Deal." The notice states that Jordan was determined to be liable for petitioner parents' 1983 and 1988 income tax deficiencies and additions to tax to the extent of $190,000, the value of assets allegedly received by Jordan. In a statement attached to the liability notice, respondent sets out petitioner parents' 1983 and 1988 deficiencies and additions to tax as they appear in the deficiency notice, and states that assets of petitioner parents were transferred to Jordan by quit-claim deed on August 2, 1991. Respondent lists the value of two adjoining lots of land in Harbour Pointe, Bay County, Florida, as $95,000 each; and therefore determines Jordan's transferee liability to be $190,000. A jeopardy assessment of Jordan's transferee liability was made on March 13, 1992.

Respondent's certified mailing list (Form 5273) reflects that the three copies of the statutory notice of deficiency issued to petitioner parents on May 12, 1992, were sent by certified mail to Federal prison camps in Bryan, Texas, and Tyndall Air Force Base, Florida, as well as to a post office box in Lynn Haven, Florida. The form also shows that on the same day four copies of the statutory notice of transferee liability issued to "JORD[A]N DEAL EIGES AS TRANSFEREE OF THE ASSETS OF COREY DON EIGES AND THERESA DEAL EIGES" were sent by certified mail to each of the three locations listed above, as well as to "4316 North Shore Road, Lynn Haven, Florida 32444."

The following document captioned in the names of "Corey Don Eiges, Theresa Deal Eiges, and Jord[a]n Deal Eiges, Petitioners," was timely received by this Court and filed as a petition on July 29, 1992:

COMES NOW the Petitioners, Corey Don Eiges and Theresa Deal Eiges, *together with a minor child, Jordan Deal Eiges* to disagree with the Notice of Deficiency issued by the Commissioner of Internal Revenue, Shirley Peterson, through her District Director, James Ryan.

Said Deficiency Notice alleges 1040 Individual Taxes due for the year of 1983 in the amount of $151,385.00 together with attached penalties and inte[r]ests.

Said Deficiency Notice further alleges 1040 Individual Taxes due for the year 1988 in the amount of $25,541.00 together with attending penalties and interests.

Both of the above year allegations of deficiencies are now placed into total contest, as all of the above allegations of taxes owed for each of the two year[s], with their attached penalties and interests, are totally false.

The alleged taxpayers indicated on the Notice of deficiency, *and most especially the minor child,* have no 1040 Individual Tax liability for the two years in question. The minor child was not yet born until 1988.

1. The Petitioners have not enclosed a copy of the Notice of Deficiency; as it is not the duty of the Petitioners to provide this court with evidence contrary to the truth.

2. The Petitioners dispute the alleged taxes due and owing, according to the Notice of Deficiency, for the year 1983 in the amount of $151,385.00 together with any attending penalties and interests.

3. The Petitioners dispute the alleged taxes due and owing, according to the Notice of Deficiency, for the year 1988 in the amount of $25,541.00 together with any attending penalties and interests.

4. The Notice of Deficiency lists a tax derived from a false assumption of taxable income based o[n] a false gross income addition for each of the two years in contest.

WHEREFORE these Petitioners respectfully request this administrative court order the Commissioner of Internal Revenue to withdraw her totally erroneous document known as a NOTICE OF DEFICIENCY.

[Emphasis added.]

Petitioner Corey Don Eiges resided in the Federal Prison Camp at Tyndall Air Force Base, Florida, on the date the petition was filed. Petitioner Theresa Deal Eiges was incarcerated in the Federal Prison Camp at Bryan, Texas. On "information and belief", respondent provides the following information: at the time the statutory notice of liability was issued, Jordan resided in the physical custody of Judith D. Harris, the sister of petitioner Theresa Deal Eiges, at 4316 North Shore Road, Lynn Haven, Florida 32444. No legal guardian has been appointed for Jordan.[2]

In her motion filed September 15, 1992, respondent moves to dismiss for lack of jurisdiction as to Jordan and to amend

---

[2]Petitioners did not respond to this Court's order of May 4, 1993, requesting information as to the whereabouts of Jordan and whether a legal guardian had been appointed for him.

the caption accordingly. Respondent asserts this Court lacks jurisdiction because the petition filed by petitioner parents was neither signed by Jordan nor by them on his behalf, and because no notice of liability was attached, a petition was not timely filed by Jordan or by a legal guardian expressly acting on his behalf. Respondent cites and relies upon Rules 13(c) and 60(a), (c) and (d), and sections 6213(a) and 7502.

Respondent's motion presents an issue of first impression in that it involves our jurisdiction over the transferee liability of a minor child of taxpayers who have themselves petitioned the Court to redetermine the deficiency out of which the transferee liability arises.

Two things are required to invoke this Court's jurisdiction: A validly issued notice of deficiency or transferee liability, and a timely filed petition for redetermination of the deficiency or liability determined by the Commissioner. Secs. 6212, 6213(a), 7502; Rule 13. In objecting to respondent's motion that we lack jurisdiction over Jordan for failure of the latter requirement, petitioner parents argue that this Court lacks jurisdiction over Jordan because he "never received any Notice of Deficiency, nor has anyone in charge of his affairs received said Notice."[3] Furthermore, the objection notes that Jordan "is not now, nor has he ever been, a taxpayer." Lastly, petitioner parents challenge that Jordan is a transferee of any property.

The jurisdiction of this Court is governed by statute. Sec. 7442. This Court has jurisdiction to determine whether we have jurisdiction over Jordan. See *Midland Mortgage Co. v. Commissioner,* 73 T.C. 902, 905 (1980). Once this Court determines that it has jurisdiction, it retains that jurisdiction regardless of subsequent concessions, stipulations, or events. See *Gladstone Found. v. Commissioner,* 77 T.C. 221, 224 (1981), and cases cited therein.

Section 7453 provides that proceedings in this Court "shall be conducted in accordance with such rules of practice and procedure * * * as the Tax Court may prescribe". In general a case is commenced in this Court by the filing of a petition to redetermine a deficiency set forth in a notice of deficiency or to redetermine the liability of a transferee set forth in a

---

[3] The Court's May 4, 1993, order addressed petitioner parents' argument and determined that a notice of transferee liability was validly issued to Jordan Deal Eiges. See *Hoffenberg v. Commissioner,* 905 F.2d 665, 667 (2d Cir. 1990), affg. per curiam T.C. Memo. 1989-676.

notice of liability issued by the Commissioner to the trans-feree. Rule 20(a). Rule 34 sets forth the basic requirements for filing a petition with this Court. Among other things, each petition is required to be signed by each petitioner or petitioner's counsel. Rule 34(b)(7). Failure of the petition to satisfy applicable requirements may be grounds for dismissal of the case. Rule 34(a)(1). "The dismissal of a petition for failure to satisfy applicable requirements depends on the nature of the defect, and therefore is put in the contingent 'may' rather than the mandatory 'shall'". Explanatory Note to Rule 34(a), 60 T.C. 1084; *Brooks v. Commissioner,* 63 T.C. 709, 711 (1975).

Rule 60(a)(1) provides that a case shall be brought by and in the name of the person against whom the Commissioner determined the deficiency (in the case of a notice of deficiency) or liability (in the case of a notice of liability), or by and with the full descriptive name of the fiduciary entitled to institute a case on behalf of such person. In the notices of deficiency and transferee liability, respondent made two separate determinations: Petitioner parents' deficiencies and additions, and Jordan's transferee liability for the same. Jordan did not sign and could not have signed the petition in this case; rather, it was signed by his parents.

Our Rule 60 provides, in pertinent part:

(c) Capacity: * * * The capacity of a fiduciary or other representative to litigate in the Court shall be determined in accordance with the law of the jurisdiction from which such person's authority is derived.

(d) Infants or Incompetent Persons: Whenever an infant or incompetent has a representative, such as a general guardian, committee, conservator, or other like fiduciary, the representative may bring a case or defend in the Court on behalf of the infant or incompetent person. An infant or incompetent person who does not have a duly appointed representative may act by a next friend or by a guardian ad litem. * * *

Our Rule 60(c) and (d) is patterned after and substantially identical to rule 17(b) and (c) of the Federal Rules of Civil Procedure.[4] Of rule 17(c) of the Federal Rules of Civil Procedure, it has been said: "There is little distinction between a next friend and a guardian ad litem. A guardian ad litem is a special guardian, appointed by the court to defend in behalf

---

[4] Cases applying the Federal Rules of Civil Procedure are illustrative for purposes of analyzing and interpreting our Rules. Rule 1(a); *Take v. Commissioner,* 82 T.C. 630, 633 n.8 (1984), affd. 804 F.2d 553 (9th Cir. 1986); *Shiosaki v. Commissioner,* 61 T.C. 861, 862 (1974).

of an infant party. A next friend is one who, without being regularly-appointed guardian, represents an infant plaintiff." *Till v. Hartford Accident & Indem. Co.,* 124 F.2d 405, 408 (10th Cir. 1941); see 43 C.J.S., Infants, sec. 222 (1978).

The purpose of Rule 60(d) is to protect and preserve the rights and interests of those taxpayers under the legal disability of infancy or incompetency. Lacking a "duly appointed representative," Jordan may act in this Court by a "next friend" under Rule 60(d). In Florida and at common law, parents are recognized as the natural guardians of their minor children. 39 C.J.S., Guardian & Ward, sec. 6 (1976).[5] Also in Florida and at common law, a representative need not be appointed where the interests of an infant litigant are adequately protected by a parent or natural guardian. *Bronstein v. Roth,* 64 So. 2d 272 (Fla. 1953); 43 C.J.S., Infants, sec. 223 (1978); see also *Maugeri v. Plourde,* 396 So. 2d 1215 (Fla. Dist. Ct. App. 1981).[6] In this case, it is appropriate to recognize Jordan's natural guardians, petitioner parents, as his "next friends" for purposes of filing a petition to redetermine his transferee liability.[7]

Having established petitioner parents' capacity to represent their minor son as his next friends, we must consider whether the petition filed in this case in fact confers jurisdiction over Jordan. We generally prefer to hold that this Court

[5] Petitioner parents both resided in Federal prison camps at the time the petition was filed. The petition bears Corey Don Eiges' prison address in Florida. Under Florida law, a mother and father are natural guardians of their own children during their minority. Fla. Stat. Ann. sec. 744.301(1) (West 1986 & Cum. Supp. 1992).

[6] The fact that Jordan is in the physical custody of a relative does not dissolve petitioner parents' status under State law as natural guardians. We note, however, that incarceration is recognized as a reason for removing a parent as guardian. See Fla. Stat. Ann. sec. 744.474 (West 1986). Nevertheless, there is no indication in the record that any guardianship proceedings were ever conducted for removal or appointment of a guardian for Jordan, nor does it appear that any proceedings are pending.

[7] We note that commentators and cases have discussed the possible conflict between Fed. R. Civ. P. 17(b) and (c), as to whether Federal law or State law is controlling for purposes of determining the capacity of a next friend or guardian ad litem. See 3A Moore, Moore's Federal Practice, par. 17.26, at 17-210 (2d ed. 1993); 6A Wright, et al., Federal Practice and Procedure, sec. 1571, at 510 (2d ed. 1990); 68 A.L.R.2d 752. The Court of Appeals for the Fifth Circuit, to which this case is appealable as to petitioner wife, has held that State law is not controlling for purposes of Fed. R. Civ. P. 17(c). *Travelers Indem. Co. v. Bengston,* 231 F.2d 263 (5th Cir. 1956) (appointment of guardian under Fed. R. Civ. P. 17(c) is procedural and therefore governed by Federal Rules and not State law); see also *Chrissy F. v. Mississippi Dept. of Pub. Welfare,* 883 F.2d 25, 27 (5th Cir. 1989); *Fallat v. Gouran,* 220 F.2d 325, 328-329 (3d Cir. 1955). The Court of Appeals for the Eleventh Circuit, to which this case is appealable as to petitioner husband and Jordan, follows decisions of the Court of Appeals for the Fifth Circuit which predate the creation of the Eleventh Circuit. *Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir. 1981).

has jurisdiction whenever possible so as to provide taxpayers with an opportunity to obtain judicial redetermination of their tax liability prior to the payment thereof. *Hess v. Commissioner,* T.C. Memo. 1989-412 (citing *Fishman v. Commissioner,* 51 T.C. 869, 874 (1969), affd. per curiam 420 F.2d 491 (2d Cir. 1970)). For example, this Court has treated as petitions all documents filed by taxpayers within the statutory 90-day period if they were intended to be petitions. *O'Neil v. Commissioner,* 66 T.C. 105, 107 (1976); *Castaldo v. Commissioner,* 63 T.C. 285, 287 (1974). Respondent asserts that petitioner parents did not intend to petition on behalf of their son because no copy of the transferee liability notice is attached, the petition refers only to a single notice of deficiency, and petitioner parents' signatures lack explicit denotation of their representative capacity. We observe that petitioner parents did not attach a copy of the deficiency notice to the petition, yet respondent does not argue that this same defect is fatal to our jurisdiction over them. Our Rules are promulgated to provide procedural guidance and are not intended to limit judicial review authorized by sections 7442 and 6213. See *Barbados #6 Ltd. v. Commissioner,* 85 T.C. 900, 906 (1985).

Nor do we think it significant that the language used in the petition refers primarily to the deficiency notice. The record shows that multiple notices of deficiency, transferee liability, and jeopardy assessment were issued to petitioner parents and to Jordan. Petitioner parents presumably received notices addressed to their minor son. Because Jordan's determined transferee liability arises out of petitioner parents' deficiency, there is some confusion as to which of respondent's liability determinations and assessments these pro se taxpayers are responding to. The intent of the petition, however, is clear. Jordan's name appears in the petition's caption as well as in its first paragraph as that of a petitioner. Furthermore, the fifth paragraph of the petition reads: "The alleged taxpayers indicated on the Notice of deficiency, *and most especially the minor child,* have no 1040 Individual Tax liability for the two years in question. The minor child was not yet born until 1988." (Emphasis added.) Although petitioner parents' representative capacity fails to appear explicitly on the signatory line, their "lack of knowledge should not be equated with a lack of intent". *Holt v.*

*Commissioner,* 67 T.C. 829, 832 (1977). Reviewing the petition as a whole, we hold that it was filed for the purpose of bringing all issues of petitioner parents' deficiencies as well as Jordan's liabilities as a transferee before this Court.

"While the timely filing of a petition that does not conform to the rules of this Court may give this Court jurisdiction of the case, it remains entirely discretionary with the Court whether it will accept and file a nonconforming document as a petition, and whether it will dismiss the case for failure to comply with those rules." *Carstenson v. Commissioner,* 57 T.C. 542, 546 (1972). Where the interests of justice are best served, this Court has exercised its discretion in retaining jurisdiction in cases where the petition lacked the signature of the proper party. See *Holt v. Commissioner, supra; Brooks v. Commissioner,* 63 T.C. 709 (1975); *Carstenson v. Commissioner, supra; Powers v. Commissioner,* 20 B.T.A. 753 (1930). The petition in this case does not lack the proper party's signature because petitioner parents are the proper signatories. Rather, they failed to include a formal description of themselves as Jordan's representatives. As discussed above, our Rule 60(d) was specifically promulgated to protect the interests of infants. To hold form over substance in applying the Rule would serve the interests of neither justice nor Jordan. As our Rules permit us such latitude, and the petition filed in this case is otherwise timely and correct, we hold that petitioner parents' signatures appearing on the petition were made to contest their income deficiencies, and on behalf of Jordan as his next friends under Rule 60(d), to contest his transferee liability.

Not only are the interests of justice best served by our consideration of the deficiency and transferee liability actions together, but those of judicial economy are served as well. See *Centre for Intl. Understanding v. Commissioner,* 84 T.C. 279, 282 (1985); *Odend'hal v. Commissioner,* 75 T.C. 400, 402 (1980). With regard to Jordan's transferee liability, respondent bears the burden of proving that respondent has satisfied the procedural requirements of section 6901(a) providing a procedure through which respondent may collect from a transferee of assets unpaid taxes owed by the transferor if a basis exists under applicable State law for holding the transferee liable. Sec. 6902(a); Rule 142(d); *Commissioner v. Stern,* 357 U.S. 39, 45 (1958); *Gumm v. Commissioner,* 93 T.C. 475,

479 (1989), affd. without published opinion 933 F.2d 1014 (9th Cir. 1991). Petitioner parents are now before us as the taxpayers whose deficiencies are the basis of both of respondent's determinations. This Court therefore has jurisdiction to redetermine respondent's determination that there are in fact unpaid taxes owed by petitioner parents. By retaining jurisdiction, they are before us as Jordan's representatives as well as the alleged transferors in the transferee liability case.

We find additional support for retaining jurisdiction over Jordan in the jeopardy assessment provisions. If subsequent to a jeopardy assessment a petition is filed in the Tax Court, this Court has jurisdiction "to redetermine the entire amount of the deficiency and of all amounts assessed at the same time in connection therewith." Sec. 6861(c); sec. 301.6861-1(c), Proced. & Admin. Regs. Respondent made the jeopardy assessments of deficiencies, additions, and transferee liability on the same day, March 13, 1992; and the notices of deficiency and liability were issued on the same day, May 12, 1992. See sec. 6861(b). The amount of Jordan's liability was thus assessed at the same time in connection with petitioner parents' deficiency assessment.

On this record, respondent's motion to dismiss the petition as to Jordan will be denied. However, the Court, in its order to be issued, will amend the caption of this case to accord with this opinion to show Jordan's status as a minor and petitioner parents as next friends.

*An appropriate order will be issued.*