JAMES E. KANE II, AND CHERYL-LYN KANE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kane v. Commissioner
Docket No. 27595-92
United States Tax Court
T.C. Memo 1994-440; 1994 Tax Ct. Memo LEXIS 448; 68 T.C.M. (CCH) 641; August 29, 1994, Filed *448 James E. Kane II, and Cheryl-Lyn Kane, pro sese. For respondent: Wesley F. McNamara. GOLDBERG
GOLDBERG
MEMORANDUM OPINION GOLDBERG, Special Trial Judge: This case was assigned pursuant to section 7443A(b)(3) and Rules 180, 181, and 182, and the matter before the Court at this time is petitioners' Motion for Leave to File Amendment to Petition (motion), filed March 29, 1994. [1] Respondent has filed a Notice of Objection to petitioners' motion. The respective positions of the parties are presented in the motion and notice of objection. The issue raised by petitioners' motion is whether the petition placed in issue all taxable years that were set forth in the notices of deficiency. If we find that any of the taxable years in the notices of deficiency were not petitioned, we have no jurisdiction over the omitted years. Secs. 6212 and 6213; Stamm International Corp. v. Commissioner, 84 T.C. 248 (1985). *449 The notices of deficiency attached to the petition filed December 14, 1992, are each dated September 24, 1992. One notice sets forth the deficiency determined by respondent with respect to petitioners' taxable years 1987, 1988, and 1989, inclusive. The other notice contains the deficiency determination by respondent with respect to petitioners' taxable years 1984 and 1985. Attached to the notices were the following: For taxable years 1984, and 1985
Form 870, Increase (Decrease) in Tax and Penalties Statement - Income Tax Changes Schedules numbered 1 through 12, inclusive Schedules (A) and (B) For taxable years 1987, 1988, and 1989: Form 870, Increase (Decrease) in Tax and Penalties Statement - Income Tax Changes Schedules 1 through 11, inclusive Schedules (A), (B), (C), (D), (E), (F), and (G) We will refer to the notice of deficiency for the taxable years 1987, 1988, and 1989, and all attached schedules, collectively as "notice #1", and refer to the notice of deficiency for the taxable years 1984 and 1985 and all attached schedules, collectively as "notice #2". In notice #1 respondent disallowed expense deductions claimed by petitioners on their 1987 income *450 tax return resulting in a determination by respondent that petitioners had not sustained a net operating loss for 1987. Consequently, respondent determined in notice #2 that there were no net operating loss carrybacks to 1984 and 1985 (the carryback years). The computational schedules attached to notice #1 reflect several adjustments for 1987, but in notice #2, only one adjustment for 1984, in the amount of $ 34,198, described as "Net Operating Loss C/B from 1987". The adjustments for 1985 include an adjustment in the amount of $ 11,985, also described as "Net Operating Loss C/B from 1987", and an adjustment in the amount of $ 4,199 described as "ITC carryback" from 1987. The treatment of the carryback years in notice #2 reflects that the deficiencies for those years arose from the disallowance of the 1987 net operating loss and investment tax credit carrybacks. In their petition filed on December 14, 1992, petitioners specifically placed in dispute the deficiencies determined by respondent in notice #1 for the 1987, 1988, and 1989 taxable years (paragraph 5 of the petition). The deficiencies determined by respondent for 1984 and 1985 in notice #2 were not specified in paragraph *451 5 of the petition; however, petitioners did make reference to the 1984 and 1985 taxable years in the next paragraph in setting forth their assignments of error, as follows: 6. The determination of tax set forth in the said Notice of Deficiencies is base [sic] upon the following errors: (a) The Commissioner erred in disallowing the Investment Tax Credit carryback allocated to the Petitioners from their Partnership, in the amount of $ 4,199.00 for the tax year ended December 31, 1985. (b) The Commissioner erred in disallowing the NOL carryforward allocated to the Petitioners from their partnership to 1987 in the amount of $ 34,198.00 for the tax year ending December 31, 1984 and in the amount of $ 11,985 for the tax year ending December 31, 1985.
Respondent's answer admitted that the 1987, 1988, and 1989 taxable years were in dispute, but made no specific mention of the taxable years 1984 and 1985. In the prayer, respondent requested that her deficiency determination "as set forth in the notice of deficiency" be in all respects approved. In their motion, petitioners allege that they intended to contest the net operating loss and investment tax credit carrybacks to 1984 *452 and 1985, resulting in deficiencies for these years, and that their failure to more specifically enumerate or reference the carryback years was inadvertent. In her Notice of Objection, respondent contends that petitioners did not timely petition the carryback years and that this Court lacks jurisdiction, leaving petitioners without a remedy in this Court. [2] On these facts, we must decide whether the petition placed the carryback years 1984 and 1985 in issue. If we hold that the carryback years were not placed in issue by the petition, we would be without jurisdiction. Rule 41(a); O'Neil v. Commissioner, 66 T.C. 105, 107 (1976). It has been this Court's policy to be liberal in treating as petitions all documents filed by taxpayers within *453 the 90-day period, where the documents were intended as petitions. Eiges v. Commissioner, 101 T.C. 61, 67-68 (1993); Castaldo v. Commissioner, 63 T.C. 285, 287 (1974); Joannou v. Commissioner, 33 T.C. 868 (1960). If such documents do not comply with the form and content requirements for petitions as set forth in our Rules, we are liberal in allowing the taxpayer to correct the technical defects. O'Neil v. Commissioner, supra.We cannot, however, acquire jurisdiction of additional taxable years or periods by means of an amended petition filed beyond the 90-day period. Rule 41(a); Tempest Associates, Ltd. v. Commissioner, 94 T.C. 794, 799 (1990); O'Neil v. Commissioner, supra.
Respondent relies upon O'Neil v. Commissioner, supra, and Rules 34(b) and 41(a) in support of her position that petitioners' petition does not suffice to confer jurisdiction over the carryback years. This case is distinguishable from the O'Neil case. In O'Neil, respondent *454 determined deficiencies in four taxable years and the taxpayer petitioned only three of the years. Key to our holding in O'Neil that we had acquired no jurisdiction over the fourth year was our conclusion that there was "nothing in the petition indicating that the petitioner was contesting any issue for such year." O'Neil v. Commissioner, supra at 107. Here, although petitioners' intention to seek a redetermination for the taxable years 1984 and 1985 was not set forth concisely and the language of their petition is inartful, we conclude that the petition, considered in its entirety together with the attached notices of deficiency, reflects the intent to place in issue the carryback years 1984 and 1985.[3] We reach this conclusion based upon the following considerations: (1) The petitioners' allegation of error clearly places in issue the 1987 expenses, from which the net operating loss which was carried back to 1984 and 1985 originated. Further, the carryback years and amounts are specified, although incorrectly characterized as NOL carryforwards from 1984 and 1985 to 1987, rather than carrybacks from 1987 to 1984 and 1985; (2) notice #1 and *455 notice #2, and the numerous schedules detailing calculations relating to the carryback years were attached to the petition. See Truskowsky v. Commissioner, T.C. Memo. 1988-319; and (3) there is a unique interrelationship between a loss year and years to which the loss may be carried. See Matchinske v. Commissioner, T.C. Memo. 1987-309. Further, the only issues to be decided for the carryback years (except additions to tax and increased interest) are the investment tax credit carryback from 1987 to 1985, which petitioners specifically challenged in their assignments of error, and the 1987 net operating loss carrybacks to 1984 and 1985. Apart from additions to tax and increased interest, there are no substantive issues in the carryback years, merely computational considerations regarding the amount of absorption of the loss and tax credit generated in the 1987 taxable year. *456 We also are not persuaded that petitioners' failure to strictly comply with Rule 34(b) deprives us of jurisdiction over the carryback years. Our Rules are promulgated to provide procedural guidance and are not intended to deny judicial review authorized by sections 7442 and 6213. Eiges v. Commissioner, supra at 68; see Barbados #6 Ltd. v. Commissioner, 85 T.C. 900, 906 (1985). Under the circumstances of this case, petitioners' motion to amend their petition will be granted.[4] As a final note, we emphasize that the unique nature of this case and the loss and credit carryback issues involved have played significant roles in reaching our conclusion. Other taxpayers who petition this Court are cautioned to be concise and explicit in their pleadings, as we are a Court of limited and statutorily created jurisdiction. Section 7442; Commissioner v. Gooch Milling and Elevator Co., 320 U.S. 418, 419-420 (1943); Hintz v. Commissioner, 712 F.2d 281, 285 (7th Cir. 1983), affg. T.C. Memo. 1981-425. *457 To reflect the foregoing, An appropriate order will be issued. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. We assume that under respondent's position, petitioners would be able to sue for a refund after payment of the tax for 1984 and 1985, and that the forum for doing so would be in the United States District Court or U.S. Court of Federal Claims.↩
3. In InverWorld, Ltd. v. Commissioner, 98 T.C. 70, 86 (1992), affd. 979 F.2d 868 (D.C. Cir. 1992), we held that, for a petition to invoke the limited jurisdiction of this Court, it must, at a minimum, indicate (1) the amount of the deficiencies determined against the taxpayer, (2) the amount the taxpayer is contesting, and (3) the years in dispute. Our holding in the instant case is in accord since we conclude that the language in the petition, read together with the attached notices of deficiency and schedules, adequately identifies the years, including the carryback years, and deficiency amounts contested by petitioners. See InverWorld, Ltd. v. Commissioner, supra↩ at 87.
4. Although amendment of the petition is unnecessary from a jurisdictional standpoint, it may be helpful to permit the parties to more concisely frame the issues and amounts in dispute.↩