ESTATE OF ROBERT B. GALLOWAY, DECEASED, CHRISTINE ARMIJO, EXECUTOR, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 1176–94.          Filed November 21, 1994.

*Lawrence Thomas Ullmann,* for petitioner.
*Robert E. Cudlip,* for respondent.

OPINION

COHEN, *Judge:* Respondent determined a deficiency of $24,310 in the income tax liability of Robert B. Galloway (decedent) and Margaret L. Galloway (the surviving spouse) for the year ended December 31, 1990. Respondent now concedes that there is no deficiency owing, but she seeks dismissal of this case for lack of jurisdiction on the ground that a timely petition was not filed by a fiduciary or personal representative having the capacity to engage in litigation as determined by the law of the State of California. Unless

otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Robert B. Galloway died February 2, 1992, prior to the date that the statutory notice was sent. The petition was filed by Christine Armijo (Armijo), the person named as executrix in decedent's will and one of three daughters of decedent. At all material times, decedent and Armijo resided in California. After respondent's motion was filed, Armijo, each of her two sisters, and a person who possessed a Form 2848, Internal Revenue Service Power of Attorney, on behalf of the surviving spouse, executed declarations and a document entitled "Ratification of Petition by Proper Party". The surviving spouse is the stepmother of Armijo and her sisters, who are decedent's children by a prior spouse. The ratification of petition by proper party was not filed as titled because the person signing for the surviving spouse is not a person admitted to practice or otherwise recognized as a representative of a party by the Court. See Rule 24(b).

Armijo, her two sisters, and the surviving spouse were named in decedent's will as 25-percent beneficiaries of his estate, and each succeeded to a 25-percent interest in an individual retirement account owned by decedent as beneficiaries designated by decedent in accordance with the individual retirement plan. No proceeding was commenced, and none was necessary, in California for administration of decedent's estate.

## Discussion

Respondent contends that Armijo may maintain this proceeding on behalf of decedent's estate only by securing her appointment as an executrix by a California court or by securing the joinder of all four of the beneficiaries under decedent's will. Armijo resists dismissal and seeks a decision, notwithstanding respondent's concession that there is no deficiency, because, in the absence of a closing agreement, Armijo is concerned that respondent might ultimately determine transferee liability against her and the other beneficiaries. The reason for Armijo's inability to secure the signature of her stepmother is not clear in this record. Appar-

ently, the surviving spouse has left the United States and appointed another individual to act on her behalf with respect to income tax matters.

Respondent has represented that, if we grant respondent's motion and dismiss for lack of jurisdiction, there will be no proceeding to assess tax against decedent's estate or any of his beneficiaries. If we deny respondent's motion, a decision that there is no deficiency will be entered. Thus, it may seem that there are no practical consequences to our resolution of this dispute. We must, however, dispose of this case, and our opinion may have consequences to other parties in other cases. As we have recently stated, "We generally prefer to hold that this Court has jurisdiction whenever possible so as to provide taxpayers with an opportunity to obtain judicial redetermination of their tax liability prior to the payment thereof." *Eiges v. Commissioner*, 101 T.C. 61, 67–68 (1993).

Rule 60 provides in pertinent part:

(a) Petitioner: (1) *Deficiency or Liability Actions:* A case shall be brought by and in the name of the person against whom the Commissioner determined the deficiency (in the case of a notice of deficiency) or liability (in the case of a notice of liability), or by and with the full descriptive name of the fiduciary entitled to institute a case on behalf of such person. See Rule 23(a)(1). A case timely brought shall not be dismissed on the ground that it is not properly brought on behalf of a party until a reasonable time has been allowed after objection for ratification by such party of the bringing of the case; and such ratification shall have the same effect as if the case had been properly brought by such party. Where the deficiency or liability is determined against more than one person in the notice by the Commissioner, only such of those persons who shall duly act to bring a case shall be deemed a party or parties.

\* \* \* \* \* \* \*

(c) Capacity: The capacity of an individual, other than one acting in a fiduciary or other representative capacity, to engage in litigation in the Court shall be determined by the law of the individual's domicile. \* \* \* The capacity of a fiduciary or other representative to litigate in the Court shall be determined in accordance with the law of the jurisdiction from which such person's authority is derived.

Thus, we look to California law to determine whether Armijo may maintain this proceeding by herself or with fewer than all of the beneficiaries of decedent's estate. The parties dispute the interpretation of the following sections from the California Code of Civil Procedure:

Sec. 377.10. Beneficiary of the decedent's estate

For the purposes of this chapter, "beneficiary of the decedent's estate" means:

(a) If the decedent died leaving a will, the sole beneficiary or all of the beneficiaries who succeed to a cause of action, or to a particular item of property that is the subject of a cause of action, under the decedent's will.

\* \* \* \* \* \* \*

Sec. 377.11. Decedent's successor in interest

For the purposes of this chapter, "decedent's successor in interest" means the beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action or to a particular item of the property that is the subject of a cause of action.

\* \* \* \* \* \* \*

Sec. 377.30. Surviving cause of action; person to whom passes; commencement of action

A cause of action that survives the death of the person entitled to commence an action or proceeding passes to the decedent's successor in interest, subject to Chapter 1 (commencing with Section 7000) of Part 1 of Division 7 of the Probate Code, and an action may be commenced by the decedent's personal representative or, if none, by the decedent's successor in interest.

\* \* \* \* \* \* \*

Sec. 377.33. Court orders

The court in which an action is commenced or continued under this article may make any order concerning parties that is appropriate to ensure proper administration of justice in the case, including appointment of the decedent's successor in interest as a special administrator or guardian ad litem. [Cal. Civ. Proc. Code secs. 377.10, 377.11, 377.30, 377.33 (West Supp. 1994).]

Cal. Civ. Proc. Code section 377.32 (West Supp. 1994) sets forth the requirements for a statement from a successor in interest who seeks to commence or continue an action or proceeding. The statements from Armijo and her sisters, attached to the ratification of petition by proper party, satisfy these requirements. The person executing a similar statement on behalf of the surviving spouse, however, has not been shown to be qualified to make the required statement under California law.

The controlling provision in these circumstances is Cal. Civ. Proc. Code section 377.33, which gives this Court, in very broad terms, the authority to make an appropriate order in the interest of justice. The drafters of the 1992 revisions reasonably contemplated that such orders might be made by

this Court, because the comments on two related revisions contain an express reference to our opinion in *Everett v. Commissioner,* T.C. Memo. 1989–124. 22 Cal. L. Rev. Comm. Reports 895 (1992). The California Law Revision Commission Comment states:

Section 377.33 is new. The court in which the action or proceeding is pending has authority to resolve questions concerning the proper parties to the litigation and to make conclusive and binding orders, including determinations of the right of a successor in interest to commence or continue an action or proceeding. The references to appointment of the successor in interest as a special administrator or guardian ad litem are intended to recognize that there may be a need to impose fiduciary duties on the successor to protect the interests of other potential beneficiaries. See Code Civ. Proc. secs. 372–373.5 (guardian ad litem); Prob. Code secs. 8540–8547 (special administrator). [*Id.*]

In some cases, it may be necessary to order the putative representative to take additional steps to be sure that all of the beneficiaries are protected. See *Marcos v. Commissioner,* T.C. Memo. 1994–528; *Everett v. Commissioner, supra; Clifton v. Commissioner,* T.C. Memo. 1981–493; *Beatty v. Commissioner,* T.C. Memo. 1980–168. In this case, however, the concession that there is no deficiency and the indicia of consent by the other heirs provide sufficient protection of the beneficiaries. There is no apparent controversy here about distribution of the estate or the proper representative of the estate. Cf. *Marcos v. Commissioner, supra.* No additional conditions to appointment of Armijo are required. We have no authority, however, to provide for compensation to the representative or her counsel for prosecuting this action.

California is one of many States that have adopted simplified procedures for administration of estates when a formal probate proceeding is not necessary. See, e.g., Cal. Prob. Code secs. 13000–13660 (West 1991); *Pitner v. United States,* 388 F.2d 651, 655 (5th Cir. 1967). We discern no reason why heirs of a decedent should be required to choose between costly probate proceedings or cumbersome joinder of all beneficiaries in order to maintain a proceeding in this Court. Rule 60(c) and all other Rules of this Court "shall be construed to secure the just, speedy, and inexpensive determination of every case." Rule 1(b). Given the authority by Cal. Civ. Proc. Code sec. 377.33, we will make an order appointing Armijo as a special administrator of decedent's estate solely for pur-

poses of this action. Respondent's motion to dismiss for lack of jurisdiction shall be denied. Based on respondent's concession,

> *An appropriate order will be issued and a decision for petitioner will be entered.*