T.C. Memo. 2003-193


UNITED STATES TAX COURT


FRANCISCO E. CAMPOS, JR. AND LUALHATI N. CAMPOS, Petitioners $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 18708-02.                    Filed July 1, 2003.


Lualhati N. Campos, pro se.

<u>Jennifer Breen</u> and <u>Sylvia L. Shaughnessy</u>, for respondent.


MEMORANDUM OPINION


PANUTHOS, <u>Chief Special Trial Judge</u>:  This matter is before

the Court on petitioner Lualhati N. Campos's Motion to Appoint

Guardian Ad Litem and Substitute Party.[1]  As explained in detail

below, we shall grant petitioner's motion in that we shall

_____

    [1]  Unless otherwise indicated, section references are to
sections of the Internal Revenue Code, as amended, and Rule
references are to the Tax Court Rules of Practice and Procedure.

recognize Lualhati N. Campos as the next friend of petitioner Francisco E. Campos, Jr., for purposes of prosecuting this case.

Background

Petitioners Francisco E. Campos, Jr. (Mr. Campos), and Lualhati N. Campos (Mrs. Campos), are husband and wife. On October 15, 2002, respondent issued to petitioners a joint notice of deficiency. In the notice, respondent determined a deficiency of $18,096 in petitioners' Federal income tax for 2000 and an accuracy-related penalty under section 6662(a). On December 2, 2002, the Court received and filed a timely petition for redetermination challenging the above-described notice of deficiency. Mrs. Campos signed the petition for herself and on behalf of Mr. Campos.

Attached to the petition is a letter, dated May 8, 2002, signed by Matthew Horn, M.D., Medical Director for Sharp Coronado Hospital. The letter states that Mr. Campos was admitted to the hospital on November 5, 1993, suffering from a number of disabling medical conditions and that "Mr. Campos is unresponsive at this time unable to make any medical or financial decisions."

On March 12, 2003, Mrs. Campos filed a Motion to Appoint Guardian Ad Litem and Substitute Party. The motion states that Mrs. Campos does not have the authority to act on her husband's behalf and that Mrs. Campos requests that the Court appoint her

to act as guardian ad litem in this matter.  Respondent filed a Notice of No Objection to the motion.

Pursuant to notice, this matter was set for hearing at the Court's motions session in Washington, D.C.  Counsel for respondent appeared at the hearing and was heard.  Petitioners filed with the Court a written statement under Rule 50(c) in lieu of attending the hearing.

During the hearing of this matter, respondent averred that the Court has the authority to appoint Mrs. Campos as guardian ad litem for Mr. Campos under the same general procedure that the Court employed in Estate of Galloway v. Commissioner, 103 T.C. 700 (1994).  In Estate of Galloway, the Court relied upon California law to appoint a special administrator to represent the interests of a deceased taxpayer/petitioner.  Respondent also acknowledged that the Court could recognize Mrs. Campos as Mr. Campos's "next friend" under Rule 60(d).

Discussion

It is well settled that the Court's jurisdiction to redetermine a deficiency depends upon a valid notice of deficiency and a timely filed petition for redetermination.  Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988).  Rule 34 sets forth the basic requirements for filing a valid petition with the Court.  Rule 34(a)(1) provides in pertinent part:

Where the notice of deficiency or liability is directed to more than one person, each such person desiring to contest it shall file a petition, either separately or jointly with any such other person, and each such person must satisfy all the requirements of this Rule in order for the petition to be treated as filed by or for such person. * * * Failure of the petition to satisfy applicable requirements may be ground for dismissal of the case. * * *

Rule 34(b)(7) specifically requires the signature of each petitioner or petitioner's counsel. In addition, Rule 60(a) requires that "A case shall be brought by and in the name of the person against whom the Commissioner determined the deficiency".

As indicated, the petition in this case is not signed by Mr. Campos. However, there is no dispute that Mr. Campos is "unresponsive" and unable to make medical or financial decisions. In an effort to protect Mr. Campos's interests, Mrs. Campos signed the petition on his behalf.

Rule 60 sets forth criteria for resolving questions pertaining to a person's capacity to litigate in the Court. Rule 60 provides in pertinent part:

> (c) Capacity: The capacity of an individual, other than one acting in a fiduciary or other representative capacity, to engage in litigation in the Court shall be determined by the law of the individual's domicile. * * * The capacity of a fiduciary or other representative to litigate in the Court shall be determined in accordance with the law of the jurisdiction from which such person's authority is derived.

> (d) Infants or Incompetent Persons: Whenever an * * * incompetent person has a representative, such as a general guardian, committee, conservator, or other like fiduciary, the representative may bring a case or

defend in the Court on behalf of the * * * incompetent person.  An * * * incompetent person who does not have a duly appointed representative may act by a next friend * * *

Pursuant to Rule 60(c), we first look to California law to determine whether Mr. Campos possesses the requisite capacity to engage in litigation before the Court.[2]  See Neilson v. Colgate-Palmolive Co., 199 F.3d 642, 656-657 (2d Cir. 1999); Thomas v. Humfield, 916 F.2d 1032, 1034-1035 (5th Cir. 1990).  California Probate Code section 1801(a) (West 2002), provides that a conservator of a person may be appointed if a person is unable to provide properly for his or her personal needs for physical health, food, clothing, or shelter.  California Probate Code section 1801(b) (West 2002), provides that a conservator of the estate may be appointed for a person who is substantially unable to manage his or her own financial resources or resist fraud or undue influence.

We are satisfied on the record presented that Mr. Campos is unable to provide for his personal needs for physical health and is unable to manage his own financial affairs within the meaning of California Probate Code section 1801(a) and (b) (West 2002). Because Mr. Campos would qualify for the appointment of a

---

[2]  The petition reflects a mailing address for Mr. Campos of ICU Coronado Hospital, San Diego, Cal., and a mailing address for Mrs. Campos of 1617 Ginsberg Court, San Diego, Cal.

conservator under California law, we conclude that he lacks the capacity, standing alone, to engage in litigation in this Court.

Rule 60(d) provides an avenue for infants or incompetent persons to prosecute a case in this Court. Specifically, Rule 60(d) provides that a duly appointed representative may bring a case on behalf of an infant or incompetent person. In the absence of a duly appointed representative, Rule 60(d) provides that an infant or incompetent person may act by a next friend or by a guardian ad litem. We have said that the purpose of Rule 60(d) "is to protect and preserve the rights and interests of those taxpayers under the legal disability of infancy or incompetency." Eiges v. Commissioner, 101 T.C. 61, 67 (1993); see Garrick v. Weaver, 888 F.2d 687, 693 (10th Cir. 1989) (and cases cited therein). Consistent with the plain language of Rule 60(d), the recognition of a next friend or the appointment of a guardian ad litem rests within the sound discretion of the Court.

Mrs. Campos has informed the Court that she has not been duly appointed to act as Mr. Campos's representative. Thus, under Rule 60(d), the question arises whether the Court should recognize Mrs. Campos as Mr. Campos's next friend or appoint her as Mr. Campos's guardian ad litem.

For present purposes, we observe that there is no meaningful difference between the role of a next friend and a guardian ad litem. Eiges v. Commissioner, supra at 66-67. The term "next

friend" is defined as "A person who appears in a lawsuit to act for the benefit of an incompetent or minor plaintiff, but who is not a party to the lawsuit and is not appointed as a guardian.-- Also termed prochein ami. Cf. guardian ad litem under GUARDIAN." Black's Law Dictionary 1065 (7th ed. 1999). The term "guardian ad litem" is defined as "A guardian, usu. a lawyer, appointed by the court to appear in a lawsuit on behalf of an incompetent or minor party.--Also termed special guardian. Cf. NEXT FRIEND." Id. at 713; see Bowen v. Rubin, 213 F. Supp. 2d 220, 222 n.5 (E.D.N.Y. 2001).

Rule 60(d) is derived in large part from Federal Rule of Civil Procedure 17(c). See 60 T.C. 1094. Under Federal Rule of Civil Procedure 17(c), a person seeking to represent a minor or incompetent party as next friend generally must show: (1) That the minor or incompetent party cannot prosecute the action without assistance; (2) that the next friend will represent the best interests of the minor or incompetent party; and (3) the next friend has a "significant" relationship with the minor or incompetent party. See Whitmore v. Arkansas, 495 U.S. 149, 163- 164 (1990) (habeas corpus proceedings); Gonzalez v. Reno, 86 F. Supp. 2d 1167, 1184-1185 (S.D. Fla. 2000) (citing Ford v. Haley, 195 F.3d 603, 624 (11th Cir. 1999)); 4 Moore, Moore's Federal Practice sec. 17.25[2], at 17-105 (3d ed. 1997). Normally, a next friend will be a family member such as spouse, parent, or

sibling.  T.W. & M.W. v. Brophy, 124 F.3d 893, 897 (7th Cir. 1997); Eiges v. Commissioner, supra at 67.

As previously discussed, the record amply demonstrates that Mr. Campos is unable to prosecute this action due to a medical disability.  Moreover, as Mr. Campos's spouse and de facto representative, Mrs. Campos has a sufficiently close relationship with Mr. Campos to justify her recognition as next friend. Finally, although we recognize that conflicts of interest may arise between spouses filing joint returns (see, e.g., sec. 6015), we are persuaded on this record that Mrs. Campos will represent the best interests of Mr. Campos in this proceeding.[3]

Consistent with the preceding discussion, and considering all the facts and circumstances, we conclude that this is an appropriate case for the Court to exercise its discretion under Rule 60(d).  In an effort to promote the just, speedy, and inexpensive determination of this case, we shall grant Mrs. Campos's pending motion in that we shall recognize Mrs. Campos as

---

[3]  There is no allegation in the petition that either spouse is entitled to relief from joint and several liability on a joint return under sec. 6015.

Mr. Campos's next friend for purposes of these proceedings.
Rules 1(b), 60(d).[4]

To reflect the foregoing,

<u>An appropriate Order will be issued</u>.

---

[4] Under the circumstances, we need not address the various issues related to the question whether Mrs. Campos should be appointed to serve as guardian ad litem for Mr. Campos.