**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3120
_____

MAUREEN ROBINSON,
                                        Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE
_____

On Appeal from the United States Tax Court
(U.S. Tax Court No. 22-12800)
Tax Court Judge: Kathleen Kerrigan

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 17, 2023
Before:  HARDIMAN, PORTER, and FREEMAN, <u>Circuit Judges</u>

(Opinion filed: June 1, 2023)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Maureen Robinson appeals the judgment of the Tax Court, which granted respondent's motion to dismiss for lack of jurisdiction.  We will vacate and remand for the Tax Court to consider whether Robinson's objection should be construed as a petition for review.

In 2021, the Commissioner of the IRS sent Robinson a notice that informed her of the IRS's intent to seize her assets and of her right to a collection due process hearing where she could challenge the underlying assessment of her taxes from 2018 and 2020.  Robinson requested collection due process review, and a hearing was held.  On May 24, 2022, Robinson filed in the Tax Court a petition for review of a "Notice of Determination Concerning Collection Action" related to the collection due process hearing.[1]  However, at the time she filed the petition, no notice of determination had been issued.  A notice of determination was issued about three weeks later, on June 14, 2022.

Several months later, in August 2022, the Commissioner moved to dismiss the entire action.  The Commissioner argued that Robinson's petition was filed before the notice of determination was issued and that the Tax Court thus lacked jurisdiction to review it.  Over Robinson's objections, the Tax Court granted the motion to dismiss.  It concluded that it had no basis for jurisdiction over Robinson's petition at the time it was

---

[1] Petitions for review are considered filed when mailed.  26 U.S.C. § 7502(a)(1).

originally filed and that the subsequent issuance of the notice of determination could not retroactively validate the petition. Robinson now appeals.[2]

The Tax Court is a court of limited jurisdiction, and it may exercise jurisdiction only to the extent provided by statute. See Sunoco Inc., 663 F.3d at 187; 26 U.S.C. § 7442. Congress has created a framework for "collection due process" (or "CDP") hearings. 26 U.S.C. § 6330 governs the process for IRS levy actions against the property of delinquent taxpayers, and § 6320 applies to federal tax lien filings. Following the CDP hearing, the IRS Office of Appeals sends the taxpayer a notice of determination setting forth the basis for its decision and expressly addressing the relevant issues raised by the taxpayer at the hearing. See § 6330(c)(3). The taxpayer in turn "may, within 30 days of a determination under this section, petition the Tax Court for review of such determination (and the Tax Court shall have jurisdiction with respect to such matter)." § 6330(d)(1); see also § 6320(c) (providing that § 6330(d)(1) also applies in lien context).

The notice of determination issued by the Office of Appeals generally constitutes a jurisdictional prerequisite to seeking judicial review in the Tax Court. See, e.g., Boyd v. Comm'r, 451 F.3d 8, 10 & n.1 (1st Cir. 2006) (recognizing that the Tax Court's jurisdiction under § 6330(d) depends upon the issuance of a valid notice of

---

[2] We have jurisdiction pursuant to 26 U.S.C. § 7482(a)(1). We review the Tax Court's dismissal of the taxpayer's petition for lack of jurisdiction de novo. See Sunoco, Inc. v. Comm'r, 663 F.3d 181, 185 (3d Cir. 2011).

3

determination); Adolphson v. Comm'r, 842 F.3d 478, 484 (7th Cir. 2016) (explaining that, absent a notice of determination, the Tax Court lacks jurisdiction under § 6330(d)); Weber v. Comm'r, 122 T.C. 258, 263 (2004) (describing notice of determination as taxpayer's "ticket" to the Tax Court); Offiler v. Comm'r, 114 T.C. 492, 498 (2000). Here, Robinson filed her petition prematurely, before a notice of determination had been filed. The Tax Court correctly determined that it lacked jurisdiction to review the premature petition.

However, while the petition was pending and before the Commissioner had answered the petition or moved to dismiss for lack of jurisdiction, the notice of determination was issued. Robinson attached a copy of the notice of determination to her objection to the Commissioner's motion to dismiss. While Robinson's objection included various arguments related to venue, rather than jurisdiction, she also summarized pertinent facts and raised claims related to the notice of determination and the action overall. The Tax Court dismissed the action for lack of jurisdiction without addressing whether Robinson's objection could be construed as a petition for review of the notice of determination.

The Tax Court, in its discretion, has generally "leaned over backwards" to "acquire jurisdiction by virtue of documents filed by taxpayers and intended as petitions even though the documents do not comply with the form and content of petitions prescribed in the Rules of the Tax Court." Castaldo v. Comm'r, 63 T.C. 285, 287 (1974).

4

It generally prefers to hold that it "has jurisdiction whenever possible so as to provide taxpayers with an opportunity to obtain judicial redetermination of their tax liability prior to the payment thereof." Eiges v. Comm'r, 101 T.C. 61, 67–68 (1993); see also Gray v. Comm'r, 138 T.C. 295, 298 (2012) (explaining that claims in a petition "should be broadly construed so as to do substantial justice, and a petition filed by a pro se litigant should be liberally construed"). Because the Tax Court here did not address whether Robinson's objection could be liberally construed as a second petition for review, we will vacate and remand so that it can make that determination. See, e.g., Goosby v. Comm'r, 117 T.C.M. (CCH) 1258 (2019) (treating the petitioner's objection to a motion to dismiss a premature petition for review as a new petition seeking review of a notice of determination).[3]

We therefore vacate the Tax Court's order and remand so that the Tax Court can consider whether Robinson's objection should be construed as a second petition for review.

---

[3] While the objection was filed outside § 6330(d)(1)'s 30-day time limit for filing a petition for review, the Supreme Court has explained that that time limit "is an ordinary, nonjurisdictional deadline." Boechler, P.C. v. Comm'r, 142 S. Ct. 1493, 1501 (2022). Accordingly, the fact that the objection was filed outside the 30-day time limit would not have prevented the Tax Court from exercising jurisdiction over it. We take no position on whether Robinson would be entitled to equitable tolling on the facts of this case. See id.